174 Cal.App.4th 1463 (2009)
In re the Marriage of SANDRA L. and MARK A. HERR.
SANDRA L. FURTON, Appellant,
v.
MARK A. HERR, Respondent.
No. C058019.
Court of Appeals of California, Third District.
June 17, 2009.
*1465 Law & Mediation Office of Teresa A. Stanley and Teresa A. Stanley for Appellant.
Law Offices of Dosh & Dosh, Ronald E. Dosh and Aaron B. Dosh for Respondent.

OPINION
SIMS, J. 
Although a trial court has inherent authority to correct an erroneous ruling or order on its own motion, it has no inherent authority to order a new trial. (Le Francois v. Goel (2005) 35 Cal.4th 1094, 1107-1109 [29 Cal.Rptr.3d 249, 112 P.3d 636]; Fomco, Inc. v. Joe Maggio, Inc. (1961) 55 Cal.2d 162 [10 Cal.Rptr. 462, 358 P.2d 918].) Here, although the trial court announced it was granting reconsideration on its own motion of a support order, it in fact ordered a full "hearing on reconsideration" and directed the parties both to submit new declarations and to be prepared at the hearing to present additional evidence.
(1) Such a reexamination of factual issues does not fall under the rubric of "reconsideration." It is a new trial. And, because the trial court here had no authority to order a new trial, we shall reverse its order purporting to grant reconsideration.

BACKGROUND
We glean the following background facts from the limited record on appeal.
*1466 The parties were married in or about 1990, and have three children. In August 2006, they entered into a written stipulation that Mark[1] would pay child and spousal support to Sandra.
Sandra moved thereafter to modify child support and determine arrearages; Mark moved to modify the parties' custody, parenting, child support and spousal support. These matters were all tried together on June 26, 2007 (all other date references are to events in 2007). No transcript of the trial is in the record. The minute order of the two-day trial indicates both parties were present, testified and introduced documentary evidence.
At the close of trial on June 27, the court announced its ruling from the bench.[2] The court denied Mark's motion to reduce child support; it fixed the amount of spousal and child support to be paid by Mark to Sandra, ordered that Mark pay Sandra's attorney fees of nearly $10,000, and determined support arrearages owed by Mark to be nearly $11,000. The court refused to consider Mark's motion regarding child custody because it was not explicated in his moving papers. The minute order reflects that the court then directed Sandra's counsel "to prepare the order for the court's signature by" the following day.
A form "findings and order after hearing" was signed by the court on June 28, and the proof of service signed by Sandra's counsel shows the order was served by mail on Mark on June 29.
Fifty-six days later, on August 24, Mark filed a motion for reconsideration pursuant to Code of Civil Procedure section 1008 or, in the alternative, for a new trial, pursuant to Code of Civil Procedure section 657. In it, he denied having received written notice of the court's order after hearing and argued the court erred in denying his motion to continue the trial, and erred in failing to advise him of his rights regarding pending contempt proceedings concerning support, including that his trial testimony could be used against him in those contempt proceedings. Mark further argued the court erred at trial in *1467 failing to consider (1) the "dissomaster" reports he had prepared; (2) the mediator's report; (3) the fact that the children currently reside with him; (4) the true fact that his income was less than half the imputed amount; and that (5) since the hearing, he had been placed on complete disability due to depression and anxiety.
In response, Sandra complained that Mark's motion was untimely and raised no new facts or law.
At a hearing on September 26, the court granted reconsideration on its "own motion," and set the matter for further hearing.[3] The court announced that the subject matter of all of the motions previously heard at the two-day trial would be revisited: "[A]t the hearing on reconsideration, which will be scheduled by the clerk in due course, each of the parties must be prepared, must have filed then current Income and Expense Declarations thoroughly conforming to the requirements of the Family Code, and must then be prepared to offer competent evidence on all issues involved in the reconsideration, particularly on the issues of [Mark]'s earnings." For example, the court stated, "if [Mark] contends that his earnings are affected by a disability from employment which he suffers, he should be prepared to offer a competent declaration by a physician to the effect that the physician has examined him and formed the opinion that [Mark] is disabled from employment.
"In addition, each party must be prepared to offer competent evidence of the approximate percentage of time that each of them has or will have primary physical responsibility for the children compared to that of the other party, in conformity with the provisions of Family Code Section 4055 . . . .
"Notwithstanding my focus in these comments that I've just made on the issues of [Mark]'s earnings and the time share, all issues raised by [Mark's motion] will be subject to reconsideration."
When Sandra's attorney asked whether the proposed proceeding was "to be in the nature of a hearing or in the nature of a new trial" the court responded: "I don't think I can give you any further guidance than what I already have; *1468 namely, that I am dissatisfied with the quality and adequacy and reliability of the information that was provided to me and that lay on the record as support for the order that I made in June, and consequently, new information has come to me in the form of competent, admissible evidence that focuses on all the evidentiary issues in the case. [¶] And whether that involves finding new witnesses is up to you. I want something solid to work with this time around."
It is from this order granting reconsideration that Sandra appeals.[4]

DISCUSSION
Although the trial court characterized its ruling as one granting "reconsideration," Sandra contends the order effectively granted a new trial, and that the court's action was beyond its power. We agree with both prongs of Sandra's argument, and shall reverse the order.
By his August 24 motion, Mark sought reconsideration of the court's June 28 order or, in the alternative, a new trial of the matters decided at that hearing. As either a motion for reconsideration or a motion for new trial, Mark's application came too late.
(2) Code of Civil Procedure section 1008 requires that a party seeking reconsideration do so "within 10 days after service upon the party of written notice of entry of the order . . . ." (Code Civ. Proc., § 1008, subd. (a).) A motion for reconsideration must be based on new or different facts, circumstances or law (ibid.), and facts of which the party seeking reconsideration was aware at the time of the original ruling are not "new or different." (Garcia v. Hejmadi (1997) 58 Cal.App.4th 674, 690 [68 Cal.Rptr.2d 228].) In addition, a party must provide a satisfactory explanation for failing to offer the evidence in the first instance. (New York Times Co. v. Superior Court (2005) 135 Cal.App.4th 206, 213 [37 Cal.Rptr.3d 338].) Mark plainly failed to move for reconsideration within the 10-day statutory timeline established by section 1008, and his motion could properly have been denied on that ground alone.
(3) A party seeking a new trial must file and serve his motion "within 15 days of the date of mailing notice of entry of judgment by the clerk of the court . . . or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest." (Code Civ. Proc., § 659.) These time limits are jurisdictional. (Code *1469 Civ. Proc., § 659.) Mark's request for a new trial did not comport with section 659. The proof of service prepared by Sandra's counsel shows Mark was served by mail with the "findings and order after hearing" on June 29. The last day for filing his motion for new trial was July 16. (Code Civ. Proc., §§ 12, 12a; Douglas v. Janis (1974) 43 Cal.App.3d 931, 936 [118 Cal.Rptr. 280].) His motion for new trial, filed on August 24, was almost a month too late.
(4) That Mark's motion for reconsideration was untimely would not have prevented the court from granting relief, because a court may on its own motion reconsider a prior order or judgment and thereby "correct its own errors." The limitations of Code of Civil Procedure section 1008  including its 10-day statutory deadline  do not apply to such sua sponte actions. (Le Francois v. Goel, supra, 35 Cal.4th at pp. 1107-1109.) This is true even if the trial court were prompted to reconsider an erroneous ruling by a party's untimely request for reconsideration: if a court believes one of its prior orders was erroneous, it may correct that error no matter how it came to acquire that belief. (Id. at p. 1108 [correction of interim orders]; In re Marriage of Barthold (2008) 158 Cal.App.4th 1301, 1309 [70 Cal.Rptr.3d 691] (Barthold) [correction of judgments or postjudgment orders].)
The reasoning behind the rule that judges retain inherent authority to reconsider and correct erroneous orders independent of the statutory limitations imposed on reconsideration motions initiated by the parties was recently explained in Barthold, supra, 158 Cal.App.4th 1301. In Barthold, the judgment of dissolution included an agreement to split the proceeds from the sale of the former marital residence according to a formula, and provided the wife would get a bonus if the house was listed for sale, and sold, within a certain time. (Id. at p. 1304.) After the house was sold, the parties disputed whether the wife was entitled to the listing bonus and the wife moved unsuccessfully to enforce her entitlement to it. (Id. at pp. 1304-1305.) The husband opposed the wife's motion for reconsideration (Code Civ. Proc., § 1008) on the ground she failed to present new or different facts and, to the extent of any new evidence, failed to explain her failure to present it with the original motion. (158 Cal.App.4th at p. 1306.)
Ruling on the wife's motion for reconsideration, the trial judge said he realized he had made a mistake in denying the motion, by "completely miss[ing] the most important point" raised by the wife. (Barthold, supra, 158 Cal.App.4th at p. 1306.) It then granted the wife's reconsideration motion, and found her entitled to the listing bonus. (Id. at pp. 1306-1307.)
(5) But the trial court's reconsideration on its own motion in Barthold was proper because it limited itself to changing its mind based on the *1470 evidence submitted in connection with the wife's original motion: "it [was] clear that the judge's intent was to grant reconsideration on the court's own motion . . . once it realized that a mistake had been made" and based on the court's "rereading of the papers submitted with the original motion."[5] (Barthold, supra, 158 Cal.App.4th at pp. 1308-1309.) The trial court did not, the Court of Appeal emphasized, rely upon any "`new evidence'" submitted by the wife in her reconsideration motion (id. at p. 1309) and to have done so would have been error. "[W]e stress that in order to grant reconsideration on its own motion, the trial court must conclude that its earlier ruling was wrong, and change that ruling based on the evidence originally submitted." (Id. at p. 1314.)
What the trial court did in this case was not an action of the type approved in Barthold; in fact, its actions departed even further from a proper motion for reconsideration than the court warned against in Barthold. Unlike the judge in Barthold, the trial court here did not intend to grant reconsideration based on evidence previously submitted (cf. Barthold, supra, 158 Cal.App.4th at pp. 1308-1309). Rather, it expressly rejected the evidence previously adduced at trial as having been of questionable "quality and reliability and adequacy."
Its order purported to grant "reconsideration" for the express purpose of conducting a further hearing or trial, at which the parties would be expected to produce new, and "competent" evidence to support their respective positions on the entire range of issues decided at the two-day trial. It ordered the parties to file updated, i.e., "current" income and expense declarations, and to "be prepared to offer competent evidence on all issues," including evidence of Mark's earnings and evidence of their respective approximate parenting responsibilities.
(6) This was no reconsideration: it was the grant of a new trial. The effect of granting a new trial is "`a re-examination of an issue of fact.'" (Auto Equity Sales, Inc. v. Superior Court (1962) 57 Cal.2d 450, 458 [20 Cal.Rptr. 321, 369 P.2d 937]; see Code Civ. Proc., § 656 ["A new trial is a reexamination of an issue of fact in the same court after a trial and decision by a jury, court, or referee."].) In expressly rejecting as unreliable or inaccurate evidence adduced at the first trial, the court's order that the parties be prepared to submit new, competent evidence has all of the indicia of a reexamination of issues of fact. Whatever the court called it, the order was for a new trial.
*1471 (7) And, in contrast to grants of reconsideration, courts have no inherent power to grant a new trial: "[t]he right to a new trial is purely statutory . . . ." (Fomco, Inc. v. Joe Maggio, Inc., supra, 55 Cal.2d 162, 166.) Because the right to a new trial "finds both its source and its limitations in the statutes . . ., the procedural steps prescribed by law . . . are mandatory and must be strictly followed." (Mercer v. Perez (1968) 68 Cal.2d 104, 118 [65 Cal.Rptr. 315, 436 P.2d 315], citation omitted, italics added; see Pacific Trends Lamp & Lighting Products, Inc. v. J. White Inc. (1998) 65 Cal.App.4th 1131, 1135 [76 Cal.Rptr.2d 918].)
In sum, the trial court here had no power to grant a new trial unless Mark's motion comported with the applicable statute. As we have shown, it did not.

DISPOSITION
The judgment (order) is reversed. Sandra shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)
Blease, Acting P. J., and Robie, J., concurred.
NOTES
[1] As is customary in family law cases where the parties shared the same surname, we refer to them by their first names for ease of reference, meaning no disrespect. (Rubenstein v. Rubenstein (2000) 81 Cal.App.4th 1131, 1136, fn. 1 [97 Cal.Rptr.2d 707].)
[2] Mark insists we should characterize the court's oral remarks reflected in the minute order as a tentative decision, but the minute order indicates to the contrary: first the court "state[d] its Tentative Ruling for the record" then, after the "parties respond[ed] to the tentative ruling as stated" the court ordered that the "[t]ext of tentative ruling BECOMES THE ORDER OF THE COURT." We also find no merit in Mark's claim the trial court deprived him of "an opportunity to request a `statement of decision'" by adopting its tentative ruling as the order of the court or thereafter signing findings after hearing. Mark could still have availed himself of the statutory right to request a statement of decision, but apparently declined to do so. (Code Civ. Proc., §§ 632, 1291.)
[3] In granting the motion, the court said: "Exercising the Court's own initiative and on its own motion, and unaffected by the Respondent's pending motion which is before the Court today, I have concluded that reconsideration should be granted of the order filed by me on June 28th of this year and, therefore, it is the order that on the court's own initiative, the order filed June 28, 2007 will be reconsidered at a hearing which will be noticed by the clerk of this court. That action is taken by me because of my own feeling of uneasiness at the time that the order was entered and did  about the quality and reliability and adequacy of the evidence that was offered on both sides of this matter at the hearing that was conducted on June 26th and June 27th concerning particularly the issues of spousal support and child support."
[4] We denied Sandra's application to stay the trial on rehearing. At the time of her appeal, the trial on rehearing had not yet taken place.
[5] In so doing, the trial court also rejected the husband's argument that an order granting reconsideration must be reversed if its issuance was "prompted" by a party's motion for reconsideration that failed to meet the statutory requirements. (Barthold, supra, 158 Cal.App.4th at p. 1309.)