Filed 7/16/14  Conservatorship of Smith CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| Conservatorship of the Person and Estate of VIRGINIA SMITH.<br><br>MARY VIVIAN,<br><br>     Objector and Appellant,<br><br>v.<br><br>ALAN STATMAN as Conservator and Successor Trustee etc.,<br><br>     Petitioner and Respondent. | A139386<br><br>(Contra Costa County<br>Super. Ct. No. MSP10-00095) |

**I.**

**INTRODUCTION**

In this probate matter, appellant Mary Vivian, acting in propria persona, appeals from the denial of her motion for reconsideration of an order granting respondent Alan Statman's petition for approval of a trust accounting and petition for instructions requesting authorization to sell or rent the family home (Petition for Instructions). Appellant contends her motion for reconsideration should have been granted because she did not have an adequate opportunity to be heard when she arrived late to the hearing on respondent's petitions.  She further contends she had new facts and law that the court should have considered.  We affirm.

1

## II.

## PROCEDURAL BACKGROUND

This is the second appeal arising out of the administration of a trust established by appellant's parents, Robert K. Smith, Sr. and Virginia Smith (the Smith Family Trust). In the first appeal, *Conservatorship and Estate of Smith* (A127442, Aug. 11, 2010 [nonpub. opn.]), this court affirmed the naming of respondent Alan Statman as successor trustee of the Smith Family Trust. We take the following background facts from our prior opinion, omitting the footnotes:

"On January 29, 1996, Robert K. Smith, Sr., and his wife, Virginia Smith, established a revocable trust agreement with assets that included their residence and two checking accounts. Mr. and Mrs. Smith were designated trustees. The trust named the couple's daughter (appellant Mary Vivian) and their son (Robert K. Smith, Jr.) as successor trustees if Mr. and Mrs. Smith became unable to act as trustees. In an amendment dated September 27, 2004, the couple named Robert, Jr., as the sole successor trustee.

"On December 26, 2008, Robert, Jr., filed petitions seeking appointment as conservator of the persons and estates of both Mr. and Mrs. Smith, as well as petitions for appointment as temporary conservator of his parents. The trial court appointed Robert, Jr., as temporary conservator of the persons of Mr. and Mrs. Smith on January 7, 2009. Robert, Jr., died four days later, on January 11.

"Respondent, a private professional conservator, filed a petition seeking appointment as conservator of the estates of both Mr. and Mrs. Smith on June 8, 2009. The petition alleged that both proposed conservatees were in medical facilities because of mental health issues, including dementia. Respondent also filed a petition for appointment as temporary conservator of the estates of the couple, which the trial court granted on June 10. Mr. Smith died on June 19.

"On August 10, 2009, respondent filed a petition for substituted judgment for modification of the Smiths' trust to appoint him as successor trustee. (Prob. Code, § 2580.) At a hearing on August 25, 2009, the trial court granted the petition on a

2

temporary basis, and allowed appellant time to consult with an attorney regarding her objection to respondent's separate petition to name him as conservator.

"Appellant appeared without an attorney at a hearing on September 22, 2009. Noting that no family member or other concerned person had filed a petition for conservatorship, the trial court granted respondent's petition for conservatorship of the estate of Mrs. Smith over appellant's objection. Appellant could have ([Prob. Code,] § 1301, subd. (a)) appealed the order, but did not. As for respondent's petition for substituted judgment to appoint him as successor trustee, appellant objected at the September 22 hearing that the 2004 trust amendment naming Robert, Jr., as sole successor trustee was invalid because her father lacked capacity to alter the trust. The trial court set the matter for trial on the issue of capacity.

"At a court trial on November 3, 2009, appellant provided medical records that purportedly demonstrated that Mr. Smith had been diagnosed with Alzheimer's disease and dementia in 2001, and that Mrs. Smith had Alzheimer's as of February 11, 2004. The notary who was present when the Smiths signed their 2004 trust amendment testified on behalf of respondent that Mr. Smith appeared to understand what he was doing when he executed the amendment, and that she (the notary) was comfortable with Mr. Smith's level of awareness when she notarized his signature.

"The trial court granted the petition to modify the trust, concluding that both Mr. and Mrs. Smith had capacity at the time of the 2004 trust amendment. Appellant timely appealed from the trial court's November 3, 2009, order." (Fns. omitted.)

As noted, this court affirmed the trial court's order granting the petition to modify the trust in our prior opinion filed on August 11, 2010.

Upon remand, respondent filed a petition for approval of accounting and for further instructions. Over appellant's objections the petition was granted. This ruling was initially appealed by appellant, but she subsequently voluntarily dismissed that appeal.

The principal asset of the Smith Family Trust was the residence at 2031 Mira Vista Drive in El Cerrito, California (Smith residence), which appellant occupied rent-

3

free for a number of years.  The current dispute arose in early 2013[1] when respondent wrote to appellant requesting that her status be changed to a tenant for rent, otherwise the Smith residence would be sold.  Appellant refused to become a rent-paying tenant in order to continue her occupancy of the Smith residence.

In response, respondent filed the Petition for Instructions, by which respondent sought, among other things, a determination that there was no necessity for allowing appellant to continue to live in the Smith residence rent-free.  A hearing was scheduled for May 23.  No written objection or response was filed timely by appellant.

Appellant arrived late for the May 23 hearing, and made her appearance in the courtroom known only after the court had called and decided the matter by signing a proposed order submitted by respondent.  That order required appellant to notify respondent of her intention to rent or vacate the property by May 30.  If appellant elected to rent the family home, she could do so with the provision that she sign an agreement to rent the property at fair market value and pay the first and last months' rents by June 1.  Otherwise, appellant was required to vacate the property by June 15.

Appellant filed a motion to reconsider on June 5, with opposition filed by respondent on July 2.  A hearing was set for July 16.  Prior to the hearing, appellant filed a response to the earlier granted petition, and at the hearing appellant presented an oral statement in opposition to the original petition and in support of her motion to reconsider.  The court then denied the motion to reconsider.

---

[1] All further dates are in the 2013 calendar year, unless otherwise indicated.

A subsequent judgment was issued on July 30, and respondent obtained possession of the Smith residence from appellant on August 15, with assistance from the Contra Costa County Sheriff's office.  This appeal followed.[2]

## III.

## DISCUSSION

A party's right to seek reconsideration of an order is governed by Code of Civil Procedure section 1008,[3] which provides, in pertinent part:  "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order. The party making the application shall state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown."  (§ 1008, subd. (a).)

"Section 1008 allows the trial court to reconsider and modify, amend or revoke its prior order when the moving party shows a different state of facts exists. . . .  '[T]he party seeking reconsideration must provide not only new evidence but also a satisfactory

---

**2** An amendment to section 1008, subdivision (g), effective January 1, 2012, has clarified that "[a]n order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable.  However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."  (§ 1008, subd. (g); see Legis. Counsel's Dig., Assem. Bill No. 1067 (2011–2012 Reg. Sess.) § 1.)  Thus, this amendment resolved the split in favor of the majority of courts that had concluded that: (1) an order denying a motion for reconsideration is not appealable, even when based on new facts and law, but (2) the denial of a motion for reconsideration is reviewable if the request for reconsideration is made from an appealable judgment or order.  (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577.)  Respondent raises no procedural issues that would bar our consideration of appellant's appeal from the denial of her motion to reconsider, and we proceed to the merits of that claim.

**3** All further undesignated statutory references are to the Code of Civil Procedure.

5

explanation for the failure to produce that evidence at an earlier time.' [Citation.]" (*Mink v. Superior Court* (1992) 2 Cal.App.4th 1338, 1342.)

This diligence requirement is also applicable when the motion for reconsideration is based on different law. (*Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1200.) Thus, if the motion is based on different law, the moving party must provide a satisfactory explanation for failing to cite that law in arguing the first motion. A contrary rule would "remove all incentive for parties to expeditiously marshall the law in support of their case. If counsel need not explain the failure to earlier produce pertinent legal authority that was available, the ability of a party to obtain reconsideration would expand in inverse relationship to the competence of counsel. Without a diligence requirement the number of times a court could be required to reconsider its prior orders would be limited only by the ability of counsel to belatedly conjure a legal theory different from those previously rejected, which is not much of a limitation." (*Id.* at p. 1199.)

The trial court denied appellant's motion to reconsider on the following grounds: (1) appellant's tardiness and resulting inability to appear for oral argument did not constitute a ground for granting reconsideration; (2) appellant failed to show any new facts or law that were not previously known or discoverable; and (3) appellant's motion and supporting declaration were unsigned, and therefore "procedurally insufficient." We review a trial court's ruling on a motion for reconsideration under the abuse of discretion standard. (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457.)

In reviewing the motion, it is clear that appellant's motion to reconsider was based largely, if not solely, on the fact that she arrived late for the May 23 hearing and lost the opportunity to present oral argument in opposition to respondent's motions, and she should have been excused from that absence. Citing *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 690 (*Garcia*), the trial court rejected appellant's argument and found that a motion to reconsider cannot be premised on the loss of the opportunity to argue in opposition to the underlying motion because it is collateral to the merits of the issues in

6

the parties' dispute. (*Id.* at p. 690; *Gilberd v. AC Transit* (1995) 32 Cal.App.4th 1494, 1500 & fn. 3.)

In seeking reconsideration, appellant did present the trial court with an opposition to respondent's Petition for Instructions. However, no explanation has been offered as to why appellant did not present this opposition before the petitions were heard and decided, and instead waited until her motion to reconsideration was filed to present it. Equally as important, appellant does not claim that at the time of the original ruling she was unaware of the facts contained in her unverified pleadings or in the oral statement she read to the court when her motion to reconsider was heard. Consequently, appellant's motion for reconsideration failed to meet the fundamental requirement that it be based on "new or different facts, circumstances, or law . . . ." (§ 1008, subd. (a); see *In re Marriage of Herr* (2009) 174 Cal.App.4th 1463, 1468 [facts of which movant was aware at time of original ruling are not "new or different" within meaning of § 1008]; *Garcia, supra,* 58 Cal.App.4th at p. 690 [matters raised by plaintiff in his motion for reconsideration consisted of information always within his possession, and he gave no satisfactory explanation for not bringing it out earlier].)

For these reasons, the trial court did not abuse its discretion in denying appellant's motion to reconsider.[4]

---

[4] Because of the ample grounds otherwise existing which support the denial of the motion, we need not consider the court's alternative ground that appellant's motion was procedurally defective.

## IV.

## DISPOSITION

The order denying appellant's motion to reconsider, and resulting judgment, are affirmed. In the interests of justice, the parties are each to bear their respective costs on appeal.

_____

RUVOLO, P. J.


We concur:


_____

REARDON, J.


_____

RIVERA, J.