Filed 1/6/15  Marriage of Shokoohy and Rahgoshay CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re Marriage of FARIBA SHOKOOHY and MOHAMMAD RAHGOSHAY. | |
| FARIBA SHOKOOHY, Respondent, v. MOHAMMAD RAHGOSHAY, Appellant. | G048004 (Super. Ct. No. 09D005410) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Claudia Silbar, Judge.  Dismissed.

Merritt L. McKeon for Appellant.

Fariba Shokoohy, in pro. per., for Respondent.

\*          \*          \*

In these marital dissolution proceedings, appellant Mohammad Rahgoshay

(appellant) challenges an order denying his motion for reconsideration. By so doing, he has endeavored to appeal from a nonappealable order and we must dismiss his appeal. For reasons we shall show, however, even if we had jurisdiction to hear his appeal, we would conclude that the court did not err in denying his motion.

## I

## FACTS

In these acrid proceedings between appellant and his ex-wife, Fariba Shokoohy (respondent), the parties dispute, among other things, whether respondent should pay appellant spousal and child support and, if so, how much. Respondent, a medical doctor, claims appellant has been misrepresenting for decades that he is disabled. She says he is perfectly healthy and has been fraudulently collecting Social Security disability income while working in construction, real estate, and property management.

Appellant claims, inter alia, that respondent misrepresented her income to the court before it entered judgment on reserved issues. After judgment was entered awarding him no spousal support, appellant filed a motion to set aside the judgment. When the set aside motion was denied, appellant filed a motion for reconsideration.

While the motion for reconsideration was pending, appellant filed an appeal from the order denying the set aside motion. The appeal was dismissed for failure to pay the filing fee.

Ultimately, the court denied the motion for reconsideration. Appellant then filed the instant appeal, from the order denying his motion for reconsideration.

We issued an order requesting appellant to file a supplemental letter brief addressing whether his appeal should be dismissed as taken from a nonappealable order, and inviting respondent to file a responsive supplemental letter brief. Appellant filed his supplemental letter brief on December 5, 2014. Respondent declined to file a responsive supplemental letter brief.

2

II

DISCUSSION

*A. Appealability:*

An order denying a motion for reconsideration is nonappealable. (Code Civ. Proc., § 1008, subd. (g); *Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 156.) In his supplemental letter brief, appellant requests that this court create an exception to the rule of nonappealability, that would be applicable when a court has shown it is biased against a litigant and has lost evidence in its possession. The only citation to legal authority appellant offers is *In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261, an opinion of this court having everything to do with requests for accommodation under the Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. § 12101 et seq.) and nothing to do with the appealability of motions for reconsideration. Appellant says that surely someone who is receiving disability income is disabled within the meaning of the ADA and a judge who makes demeaning remarks to such a person thereby violates the ADA.

*In re Marriage of James & Christine C., supra,* 158 Cal.App.4th 1261 is inapposite. Appellant has not shown either that he made a motion for an accommodation under the ADA or that we have before us a ruling on such a motion. Moreover, the issue before us is not whether the court made remarks that could have constituted a violation of the ADA, but whether an order denying a motion for reconsideration is appealable. It is not. (Code Civ. Proc., § 1008, subd. (g).) Consequently, we have no jurisdiction to consider appellant's appeal.

3

*B. Merits:*

As noted at the outset, even if we had jurisdiction to determine the matter before us, we would conclude that the court did not abuse its discretion in denying the motion for reconsideration of the order denying the set aside motion. (*Jones v. P.S. Development Co., Inc.* (2008) 166 Cal.App.4th 707, 724 [abuse of discretion standard of review], disapproved on another point in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 532, fn. 7.)

Appellant sought to set aside the judgment on the ground that respondent had misrepresented her income to the court. The custodian of records of Talbert Medical Group went to court on June 20, 2012 with certain of respondent's employment records. However, unbeknownst to her, the hearing on the set aside motion had been continued from June 20, 2012 to July 25, 2012. Consequently, she simply left the records with the bailiff and went home.

At the continued hearing on July 25, 2012, appellant, represented by counsel, sought to use the Talbert Medical Group employment records as evidence of his claim that respondent had perjured herself with respect to her income. However, the custodian of records of Talbert Medical Group was not present and the records were unauthenticated. The court held that appellant's claim was unsubstantiated and denied the set aside motion. So, appellant filed his motion for reconsideration.

While that motion was pending, appellant arranged for the custodian of records of Talbert Medical Group to be present in court on September 10, 2012, when the parties were appearing on another matter. Appellant sought to have the custodian authenticate respondent's employment records at that point, even though the records were not relevant to the hearing then taking place. The court nonetheless permitted appellant, who was at then appearing in propria persona, to question the custodian about the records in order to authenticate them, in case any relevance could be shown.

4

Appellant later retained counsel who filed a brief for him with respect to the motion for reconsideration and also presented argument on his behalf at the hearing on the motion, held January 8, 2013.  The brief asserted that the motion for reconsideration was based on new facts.  The new fact was that the employment records, which had been delivered to the courthouse before the July 25, 2012 hearing on the set aside motion, but which had not then been authenticated, were authenticated on September 10, 2012, about six weeks after the set aside motion had been denied.

Code of Civil Procedure section 1008, subdivision (a) permits a motion for reconsideration to be filed on the grounds of new facts, circumstances or law.  Here, appellant did not become aware of new facts only after the hearing on the set aside motion.  Rather, he was fully aware of the existence of the evidence in question before the July 25, 2012 hearing on the set aside motion.  He simply failed to follow the proper procedural steps to have that evidence authenticated and made admissible by the time of that hearing.

The purpose of a motion for reconsideration is to give a party an opportunity to put before the court facts of which the moving party was unaware at the time of the judgment or order sought to be reconsidered.  The purpose is not to give the moving party a second bite at the apple to follow correct procedures.  (Cf. *Schachter v. Citigroup, Inc.* (2005) 126 Cal.App.4th 726, 735 [purpose to preclude repeat motions]; *In re Marriage of Herr* (2009) 174 Cal.App.4th 1463, 1468 [facts known at time of first ruling are not new for purposes of reconsideration]; *Jones v. P.S. Development Co., Inc., supra,* 166 Cal.App.4th at p. 724 [court's refusal to consider evidence not ground for reconsideration]; *Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183, 202-204 [tardy procedural compliance does not create new fact], disapproved on another point in *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1172, fn. 3.)

III

DISPOSITION

The appeal is dismissed as taken from a nonappealable order.  The clerk of this court is directed to provide copies of this opinion to the Office of the Inspector General and the Social Security Fraud Hotline.  Respondent shall recover her costs on appeal.

MOORE, ACTING P. J.

WE CONCUR:

FYBEL, J.

THOMPSON, J.