Filed 3/2/16  Garcia v. Knysh CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GABINO GARCIA,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL KNYSH,<br><br>    Defendant and Appellant. | D067644<br><br><br><br>(Super. Ct. No. 37-2013-00033155-CU-OR-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Jacqueline M. Stern, Judge.  Affirmed.

Michael Knysh, in pro. per., for Defendant and Appellant.

Law Offices of John M. Gerro and John M. Gerro for Plaintiff and Respondent.

Michael Knysh appeals from a judgment entered after the superior court confirmed an arbitration award against him and in favor of Gabino Garcia.  Knysh challenges both the order compelling arbitration and the order confirming the arbitration award.  We reject his challenges and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Garcia signed a purchase agreement to buy a residence from Knysh for $250,000 (the July Agreement). A provision of the July Agreement, which was initialed by both parties, required neutral, binding arbitration to resolve all disputes arising out of the agreement. The following month, the parties signed a second purchase agreement (the August Agreement); the August Agreement was virtually identical to its predecessor, except that Knysh did not initial the arbitration section.

To secure financing for the property, Garcia had to improve the property to increase its value as collateral. Knysh authorized Garcia to make repairs and renovations to the property. During the eight-month extended escrow, Garcia built a single family residence on the property.

After Garcia and Knysh signed a "cancellation" of escrow, Knysh refused to transfer the property for the original purchase price of $250,000, but offered to sell the property to Garcia for $360,000. Garcia responded by suing Knysh for specific performance of the July Agreement. The parties' efforts to mediate their dispute, as required by the July Agreement, were unsuccessful.

The superior court thereafter granted Garcia's unopposed motion to compel arbitration and appointed an arbitrator. Knysh, acting in propria persona, later sought reconsideration, arguing that the escrow cancellation nullified the July Agreement and that the August Agreement precluded arbitration. Knysh also asserted that Garcia waived arbitration by participating in discovery. The superior court denied the motion for

2

reconsideration as not based on new facts or new law as required by Code of Civil Procedure section 1008[1] and the parties proceeded to arbitration.

The arbitrator granted Garcia's request for specific performance. Knysh then filed a motion to vacate the arbitrator's award. The court denied his motion, confirmed the award and entered judgment in Garcia's favor. Knysh appeals.

## DISCUSSION[2]

### I. *Motion to Compel Arbitration*

Knysh asserts that the court lacked authority to grant the motion to compel arbitration because he did not initial the arbitration provision in the August Agreement. He also contends that in any event, Garcia waived the right to require arbitration of their dispute by engaging in judicial discovery. We conclude that the superior court did not err in either granting Garcia's unopposed motion to compel arbitration or denying Knysh's motion for reconsideration, brought after the superior court granted the motion to compel and raising for the first time the challenges he now attempts to pursue on appeal.

Generally, a court must order arbitration where it determines an agreement to arbitrate exists. (§ 1281.2.) Arbitration is a "highly favored . . . efficient alternative

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] Knysh requests that we strike Garcia's brief because he failed to support his factual assertions with record citations. An appellate court is limited to evaluating the facts contained in the appellate record, and an appellant is not permitted to rely on or discuss facts outside the record. (See Cal. Rules of Court, rule 8.204(a)(1)(C); *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625.) Garcia's brief violates these fundamental appellate rules. However, in the interests of justice, we decline to strike the brief and shall reach the merits of his appeal. Our factual review is based solely on the matters contained in the appellate record. (See *Kendall*, at p. 625.)

to . . . litigation" supported by the legislative " ' "strong public policy in favor of arbitration . . . ." ' [Citations.] And given its favored status, courts 'indulge' every 'intendment' to implement and give effect to arbitration proceedings." (*Saika v. Gold* (1996) 49 Cal.App.4th 1074, 1076.) Since no conflicting evidence was introduced to aid the interpretation of the parties' agreement to arbitrate, we review de novo the trial court's ruling on a motion to compel arbitration. (*California Correctional Peace Officers Assn. v. State of California* (2006) 142 Cal.App.4th 198, 204.)

Before the trial court granted the unopposed motion to compel arbitration, Garcia's counsel and Knysh's former counsel conducted mediation as a prerequisite to arbitration and agreed that if arbitration became necessary, it would be held in Orange County. The parties engaged in limited written discovery in preparation for mediation and arbitration. Garcia used the July Agreement, including the arbitration provision initialed by both parties, to support his unopposed motion to compel arbitration. Based on this uncontested evidence, the court granted the motion.

Further, although Knysh moved for reconsideration based on his current arguments, the law requires a motion for reconsideration to be based on "new or different" facts or law that reasonably could not have been known at the time of the original ruling by the party seeking reconsideration. (*In re Marriage of Herr* (2009) 174 Cal.App.4th 1463, 1468.) " '[T]he party seeking reconsideration must provide not only new evidence but also a satisfactory explanation for the failure to produce that evidence at an earlier time.' " (*Mink v. Superior Court* (1992) 2 Cal.App.4th 1338, 1342, quoting *Blue Mountain Development Co. v. Carville* (1982) 132 Cal.App.3d 1005, 1013.)

4

Knysh based his motion for reconsideration upon his contention that the escrow cancellation nullified the July Agreement and that his failure to initial the arbitration provision in the August 2011 Agreement precluded arbitration. However, for self-evident reasons, he made no showing that he could not have presented this evidence to the trial court when it ruled on the motion to compel arbitration. Similarly, he did not explain his inability to timely present evidence of waiver.[3]

The court did not err in granting the motion to compel arbitration or in denying Knysh's motion for reconsideration.

## II. *Motion to Confirm Arbitration Award*

On review of the trial court's judgment confirming the arbitration award, we apply section 1286, which requires a court to " 'confirm the award as made . . . unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding.' " (*Ikerd v. Warren T. Merrill & Sons* (1992) 9 Cal.App.4th 1833, 1841.) "Our review of an arbitration award requires us to extend to it every intendment of validity and the party claiming error has the burden of supporting his contention." (*Ibid.,* citing *Cobler v. Stanley, Barbert, Southard, Brown & Associates* (1990) 217 Cal.App.3d 518, 526; *Evans v. Centerstone Development Co.* (2005) 134 Cal.App.4th 151, 157 (*Evans*).) Unless one of the enumerated statutory grounds exists, a court may not vacate an arbitration award even if it contains a legal or factual error on its

---

[3] Knysh contends that Garcia waived his right to arbitrate "by participating in the litigation and judicial discovery for one year."

5

face that results in a substantial injustice. (*Harris v. Sandro* (2002) 96 Cal.App.4th 1310, 1313.)

As best we can determine, Knysh contends that, based on the evidence at arbitration, the arbitrator's award should be vacated under section 1286.2, subdivision (a)(4) for lack of jurisdiction because the August Agreement, which did not contain Knysh's initials indicating an agreement to arbitrate, somehow controlled. He also asserts that the arbitrator failed to consider evidence that Garcia waived his right to arbitrate by delaying his motion to compel and engaging in discovery.

However, in determining whether an arbitrator exceeded his powers, we must give substantial deference to the arbitrator's assessment of his contractual authority. (*Kelly Sutherlin McLeod Architecture, Inc. v. Schneickert* (2011) 194 Cal.App.4th 519, 528; *Evans*, *supra*, 134 Cal.App.4th at p. 157.) Moreover, the arbitrator considered Knysh's arguments and rejected them based on the evidence. To the extent Knysh contends on appeal that the arbitrator erroneously rejected his arguments, we cannot vacate an arbitral award, even in the face of such an error because the arbitrator's resolution of these issues is precisely what the parties bargained for in their arbitration agreement. (*Gueyffier v. Ann Summers, Ltd.* (2008) 43 Cal.4th 1179, 1184.) Absent proof of one of the statutory grounds for vacating an arbitration award, " ' . . . a court may not vacate an award, even if the arbitrator commits legal or factual errors which appear on the face of the award and which cause substantial injustice.' " (*Roitz v. Coldwell Banker Residential Brokerage Co.* (1998) 62 Cal.App.4th 716, 722.)

6

The record does not support a conclusion that the arbitrator erred in determining that there was a valid agreement to arbitrate and that Garcia did not waive his right to arbitrate. The trial court did not err in confirming the arbitrator's decision, including his order for specific performance of the July Agreement.

### III. *Frivolous Appeal*

Garcia asserts that Knysh's appeal is frivolous.[4] He requests that the court require Knysh to pay attorney fees and punitive damages.

Sanctions cannot be sought in a respondent's brief (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919), but must be requested by a separate sanctions motion. (Cal. Rules of Court, rule 8.276.) Garcia did not bring such a motion and, therefore, his request is denied.

---

[4] Garcia also asserts that Knysh's right to judicial appeal is precluded by the arbitration provision. We disagree. The provision prevents judicial appeal of the arbitrator's actual award, but it does not preclude the appeal of court orders to compel arbitration or confirm an arbitration award.

## DISPOSITION

The judgment is affirmed.  Garcia is awarded his costs on appeal.


Prager, J.*

WE CONCUR:


HALLER, Acting P. J.


O'ROURKE, J.

---

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.