Filed 9/12/16  Marriage of Elizabeth and Gregory G. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re Marriage of ELIZABETH and GREGORY G. | B259276 |
| | (Los Angeles County Super. Ct. No. BD442597) |
| ELIZABETH G.,  Appellant,  v.  GREGORY G.,  Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Christine Byrd, Judge.  Affirmed.

Honey Kessler Amado for Appellant.

Law Offices of Sandra Segal Polin, Sandra Segal Polin; Trope & DeCarolis, Patrick DeCarolis Jr. and Melissa R. Fresquez for Respondent.

_____

## INTRODUCTION

Family Code section 2030[1] allows a party to a marital dissolution action and related proceedings to request attorneys' fees from the other party to ensure both parties have adequate funds to properly litigate the controversy. A party may make a request for attorneys' fees under section 2030 at any time in the proceeding.

In a prior appeal, *In re Marriage of Elizabeth and Gregory G.* (Mar. 17, 2014, B236719) [nonpub. opn.], Elizabeth G. challenged a restraining order issued by the family court that enjoined her from having any contact with her former husband, Gregory G., and her son for five years.[2] We reversed that order and remanded for further proceedings. Elizabeth subsequently filed in the family court a request under Family Code section 2030 for attorneys' fees incurred in the appeal and for attorneys' fees incurred in the family court after the appeal. The court denied the request for appellate fees as untimely because the court concluded "the appeal is finished, i.e., it is no longer pending." The court denied Elizabeth's request for attorneys' fees for post-appeal proceedings in the family court because the court found Elizabeth was not entitled to an award of attorneys' fees under section 2030.

Elizabeth appeals from that portion of the family court's order denying her request for attorneys' fees incurred in the prior appeal, arguing that the court erred in finding her request untimely. Although we agree with her that the request was not untimely, we affirm because she has failed to show any prejudice or a miscarriage of justice as a result of the court's order.

---

[1] Undesignated statutory references are to the Family Code.

[2] As is customary in family law cases, we refer to the parties by their first names for convenience and clarity. (See *In re Marriage of Herr* (2009) 174 Cal.App.4th 1463, 1466, fn. 1.)

2

**FACTUAL AND PROCEDURAL BACKGROUND**

Elizabeth and Gregory were married in March 2005. Their son was born in July 2005, and Elizabeth and Gregory separated in March 2006.[3] In connection with various post-judgment proceedings, the family court on August 26, 2011 issued a five-year restraining order against Elizabeth. Elizabeth appealed from that order, and on March 17, 2014 we reversed and remanded to the family court. (*In re Marriage of Elizabeth and Gregory G.* (Mar. 17, 2014, B236719) [nonpub. opn.].) We awarded costs on appeal to Elizabeth. The remittitur issued on May 20, 2014.

On June 2, 2014 Elizabeth filed a memorandum of costs on appeal in the family court. The court clerk approved those costs on June 18, 2014.

On June 4, 2014 Elizabeth filed in the family court a request for an order pursuant to Family Code section 2030 awarding attorneys' fees for appellate counsel and related costs, as well as attorneys' fees and costs for post-appeal proceedings in the family court. On July 23, 2014 the family court denied Elizabeth's request for attorneys' fees for appellate counsel because the appeal was "no longer pending." The court also denied her request for costs on appeal because the costs claimed "were already awarded." In ruling on Elizabeth's request for attorneys' fees for post-appeal proceedings in the family court, the court applied the factors set forth in section 2030 and related provisions and concluded that an award of fees was not necessary to ensure Elizabeth and Gregory had access to legal representation.

The court invited Elizabeth to file a motion for reconsideration of its order denying fees incurred in the appeal, stating, "I could be mistaken." Following Elizabeth's motion for reconsideration, however, the court again denied Elizabeth's

---

3     Because this matter involves a minor whose parents share the same last name, we refer to them using their first names and last initial to protect the minor's identity. (See Cal. Rules of Court, rule 8.401(a)(2) [requiring first names and last initials to protect the identity of juveniles in juvenile court proceedings].)

request for fees for appellate counsel, concluding that the request filed on June 4, 2014 was untimely.

Elizabeth filed a timely notice of appeal on September 30, 2014. Elizabeth appeals only from that part of the family court's order denying her request for appellate attorneys' fees. She argues that her request was timely and that the family court's order should be reversed and remanded for the court to determine whether she is entitled to such fees under section 2030. Gregory argues that the family court correctly concluded that Elizabeth's request for appellate fees was untimely and that, even if the request were timely, any error was harmless because the court's analysis under section 2030 in connection with Elizabeth's request for attorneys' fees for post-appeal proceedings applies equally to her request for appellate fees. We agree with Gregory's second argument.

## DISCUSSION

A.     *Governing Law and Standard of Review*

"The purpose of an attorney fees award in a marital dissolution proceeding is to provide, as necessary, one of the parties with funds adequate to properly litigate the matter." (*In re Marriage of Bendetti* (2013) 214 Cal.App.4th 863, 868.) Sections 2030 and 2032 govern awards of attorneys' fees in marital dissolution actions. Section 2030, subdivision (a)(1), states in pertinent part: "In a proceeding for dissolution of marriage, . . . and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, . . . to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding."

When a party requests attorneys' fees under section 2030, the family court must make findings on (1) whether an award of attorneys' fees is appropriate, (2) whether

4

there is a disparity in access to funds to retain counsel, and (3) whether one party is able to pay for legal representation of both parties. (§ 2030, subd. (a)(2).) "If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (§ 2030, subd. (a)(2).)

Section 2032, subdivision (a), further provides that the family court may make an award of attorneys' fees under section 2030 "where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties." The factors considered in determining what is "just and reasonable under the relative circumstances" include, to the extent relevant, the factors enumerated in section 4320 for determining spousal support. (§ 2032, subd. (b).) "The party seeking an award of need-based attorney fees has the burden of establishing need." (*In re Marriage of Bendetti*, *supra*, 214 Cal.App.4th at p. 868.)

The court may award attorneys' fees for services rendered "before or after the commencement of the [marriage dissolution] proceeding." (§ 2030, subd. (b).) The court may also "augment or modify" an award for attorneys' fees "as may be reasonably necessary for the prosecution or defense of the proceeding, or any proceeding related thereto, including after any appeal has been concluded." (§ 2030, subd. (c).)

"'On appeal, we review an attorney fee award under section 2030 for an abuse of discretion.'" (*In re Marriage of Smith* (2015) 242 Cal.App.4th 529, 532; see *In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 662.) To the extent the family court's decision reflects an interpretation of a statute, however, it presents a question of law we review de novo. (*In re Marriage of Dellaria* (2009) 172 Cal.App.4th 196, 201; see *In re Marriage of Smith*, *supra*, at p. 532 ["we consider de novo any questions of law raised on appeal, but will uphold any findings of fact supported by substantial evidence"].) We will not reverse absent a showing that any error was prejudicial and that a different result probably would have occurred in the absence of the error. (*In re E.M.* (2014) 228 Cal.App.4th 828, 852; *In re Marriage of Steiner and Hosseini* (2004) 117 Cal.App.4th 519, 528-530.) "[T]here must be some reasonably specific articulated showing of a

miscarriage of justice" to warrant reversal.  (*In re Marriage of Steiner and Hosseini*, *supra*, 117 Cal.App.4th at p. 530, fn. 3].)

B.    *The Family Court Erred in Ruling That Elizabeth's Request for Appellate Attorneys' Fees Was Untimely, but the Error Did Not Prejudice Elizabeth*

1.    *Elizabeth's Request for Appellate Attorneys' Fees Was Timely*

Elizabeth argues that her request for appellate attorneys' fees under section 2030 was timely because she filed it "during the pendency of the proceeding."  (See § 2030, subd. (a).)  In particular, she contends that the "proceeding" includes her appeal from the family court's order granting Gregory a restraining order, and that the applicable California Rules of Court authorize a party to request attorneys' fees on appeal in family law matters within 40 days after the issuance of the remittitur by the Court of Appeal.  Elizabeth argues that, because she filed her request within that time period, her request was timely.

Section 2030 applies to requests for attorneys' fees "in a proceeding for dissolution of marriage."  (§ 2030, subd. (a).)  The proceeding in which the family court issued a restraining order against Elizabeth was part of the marital dissolution "proceeding" between Elizabeth and Gregory.  Indeed, the judgment of dissolution and the order granting the restraining order had the same case number.[4]  Thus, the question is

---

[4]    Section 2030 also applies to a "proceeding subsequent to entry of a related judgment" (§ 2030, subd. (a)), which includes proceedings culminating in postjudgment orders such as orders modifying custody.  (See *Alan S., Jr. v. Superior Court* (2009) 172 Cal.App.4th 238, 251 (*Alan S.*) ["[s]ection 2030 applies to orders pending post-judgment matters, such as change-of-custody proceedings, just as much as it applies to litigation leading up to the initial trial of the family law case"].)  The restraining order proceedings in this case, at a minimum, are similarly "related" to the judgment dissolving Elizabeth and Gregory's marriage.  (See *Alan S.*, *supra*, at p. 251; *Askew v. Askew* (1994) 22 Cal.App.4th 942, 964 [actions are "related" if they involve common questions of law or fact]; 11 Witkin, Summary of Cal. Law (10th ed. 2005) Husband and Wife, § 180, p. 246 ["[t]he matters involved in the subsequent proceeding can be related to the prior

whether Elizabeth filed her request for attorneys' fees while the proceeding was "pending" under section 2030, subdivision (a). (See also § 2030, subd. (b) [attorneys' fees and costs under section 2030 may be awarded for legal services rendered before or after the commencement of the proceeding].).)[5]

The proceeding on the restraining order was necessarily still "pending" at the time Elizabeth filed her request for appellate fees because her appeal did not end the proceeding. Indeed, in the prior appeal this court remanded the matter to the family court, which held additional hearings on the scope and duration of the order well beyond the date on which Elizabeth filed her request for attorneys' fees, and the record of this contentious divorce case suggests the proceeding may still be pending. In any event, at the time Elizabeth filed her request for attorneys' fees, the proceeding on the restraining order had not been finally determined and was still pending. (See Code Civ. Proc., §

---

proceeding in any manner"].) Thus, even if the restraining order proceedings were not part of the marital dissolution proceeding, section 2030 would still provide a basis for Elizabeth's request for attorneys' fees.

[5] Elizabeth cites several authorities for the proposition that section 2030 authorizes family courts to award attorneys' fees on appeal and that a successful appellant may file a request for appellate attorneys' fees after the appeal has concluded. The cases cited by Elizabeth, however, assume without analysis that the party in that case had filed or could file a timely request for appellate attorneys' fees. (See, e.g., *In re Marriage of Jovel* (1996) 49 Cal.App.4th 575, 586; *In re Marriage of Paulin* (1996) 46 Cal.App.4th 1378, 1385; *In re Marriage of Colvin* (1992) 2 Cal.App.4th 1570, 1582-1583.) And section 2030, subdivision (c), relied on by Elizabeth for the proposition that a party may make a request for fees "after any appeal has been concluded," does not apply here because that provision only applies where, unlike this case, there is an "original award for attorney's fees" that the party is seeking to augment or modify. (See § 2030, subd. (c) ["[t]he court shall augment or modify the original award for attorney's fees and costs as may be reasonably necessary for the prosecution or defense of the proceeding, or any proceeding related thereto, including after any appeal has been concluded"].) Nevertheless, that section 2030 authorizes a party to seek appellate attorneys' fees is not controversial. (See Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2016) ¶ 14:5, p. 14-2 and ¶ 16:421, p. 16-139; 11 Witkin, Summary of Cal. Law, *supra*, § 179, pp. 245-246.)

1049 ["[a]n action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed"].)

Elizabeth timely filed her request for appellate attorneys' fees in the pending proceeding. The California Rules of Court governing motions for attorneys' fees on appeal apply to cases arising under the Family Code. (See *In re Marriage of Freeman* (2005) 132 Cal.App.4th 1, 9 [predecessors of California Rules of Court, rules 3.1702 and 8.278(c)(1) applied to "all applications for attorney fees incurred on post-judgment appeals," and the rules "make[ ] no exception for family law cases"].) California Rules of Court, rule 3.1702 provides that "[a] notice of motion to claim attorney's fees on appeal . . . under a statute or contract requiring the court to determine entitlement to the fees, the amount of the fees, or both, must be served and filed within the time for serving and filing the memorandum of costs under rule 8.278(c)(1)." Rule 8.278(c)(1) in turn states, "Within 40 days after issuance of the remittitur, a party claiming costs awarded by a reviewing court must serve and file in the superior court a verified memorandum of costs." Therefore, parties to a family law action have 40 days following the date the Court of Appeal issues the remittitur to request attorneys' fees on appeal. (*In re Marriage of Freeman*, *supra*, 132 Cal.App.4th at p. 9; see Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2016) ¶ 16:415, p. 16-137 ["[a] notice of motion claiming appellate attorney fees for services rendered *after rendition of the judgment* ordinarily must be served and filed within the time for serving and filing the memorandum of costs under [California Rules of Court, rule] 8.278(c)(1)"].) Because Elizabeth filed her request for appellate attorneys' fees within the 40-day period authorized by California Rules of Court, rule 8.278(c)(1), her request was timely.

2. *Elizabeth Has Not Shown That the Family Court's Order Prejudiced Her*

Elizabeth, however, has not articulated any prejudice or miscarriage of justice caused by the family court's erroneous ruling that her request for appellate fees was untimely. (See *In re E.M.*, *supra*, 228 Cal.App.4th at p. 852; *In re Marriage of Steiner*

8

*and Hosseini*, *supra*, 117 Cal.App.4th at p. 530, fn. 3.) Elizabeth has not appealed from the portion of the order denying her motion for post-appeal attorneys' fees incurred in the family court. In that portion of its order, which Elizabeth does not challenge, the family court applied the factors set forth in sections 2030 and 2032 and denied the request. The court first found there was no disparity in access to funds to retain counsel because both parties were able to retain counsel for the post-appeal proceedings in the family court, and Elizabeth had already paid $12,500 to her new counsel to represent her in those proceedings. The court next considered each party's ability to pay for legal representation for the other. The court found that "[b]oth parties have very limited income based on their Income & Expense Declarations," and that "neither party has the ability to pay for his/her own representation, much less the representation of both parties." Finally, the court "considered whether the making of the award requested would be appropriate, just and reasonable under the relative circumstances of the respective parties, financial resources being only one factor," and concluded that the evidence did not warrant making such an award.

Elizabeth has not shown or even argued in her briefs that, had the court determined her request for appellate attorneys' fees was timely, the court would have reached a different conclusion under sections 2030 and 2032.[6] Indeed, Elizabeth

---

[6] In his respondent's brief, Gregory argued that even if Elizabeth's request was timely, the family court's order denying the request was harmless because "the court did a full analysis of the factors that must be considered in determining a fee award pursuant to . . . section 2030, a 'needs-based statute' as Elizabeth acknowledges, and the court denied Elizabeth's request for fees" in connection with her motion for post-appeal fees in the family court. (Emphasis and citation omitted.) Gregory again argued that "the court did an in-depth analysis of the factors set forth in . . . section 2030" before denying Elizabeth's request for post-appeal fees in the family court, and that because the "same analysis applies to Elizabeth's request for appellate fees, there is absolutely no probability that Elizabeth could have obtained a more favorable result" on her request for appellate fees. Elizabeth, although she recognized "the trial court found that there was no disparity in income between Elizabeth and Gregory and that neither party had the ability to pay for the legal representation of both parties," did not respond to Gregory's harmless error argument, other than to assert that this court should still "decide the issue of the

submitted the same evidence in support of her request for post-appeal fees in the family court and her request for appellate fees, including her income, assets, and debts, as well as Gregory's assets and obligations. Elizabeth has not shown or argued how the factors set forth in sections 2030 and 2032 could lead to any different result for the two requests for attorneys' fees, given that the court would have been analyzing the same lack of disparity of access to funds, inability to pay, and relative circumstances for the same time period. Therefore, she has not shown any prejudice or a miscarriage of justice from the family court's denial of an award of her appellate attorneys' fees under section 2030.

## DISPOSITION

The order is affirmed. The parties are to bear their costs on appeal.

SEGAL, J.

We concur:

PERLUSS, P. J.

ZELON, J.

_____

timeliness of the request for fees on appeal because it is an issue of public importance." Nor did Elizabeth argue in her reply brief that the result may have been different because she requested $170,000 in family court fees and only $82,500 in appellate fees.

10