Filed 7/5/24  Zhou v. Hotel Winters CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| XINYAO ZHOU, | C098326 |
| Plaintiff and Appellant, | (Super. Ct. No. CV20221963) |
| v. | |
| HOTEL WINTERS, LLC et al., | |
| Defendants and Respondents. | |

Defendant Hotel Winters, LLC, was created to raise funds to build a hotel and to distribute the hotel's profits once it was built.  In 2016, plaintiff Xinyao Zhou invested in Hotel Winters as a Class B investor, which entitled her to an ownership interest in the company, profit sharing, and an annual return on her investment.  In 2022, plaintiff filed a complaint against Hotel Winters and multiple people involved in the company; the complaint generally alleged that other investors in the company conspired to reduce her

1

ownership interest and profit sharing while enriching themselves. As to Hotel Winters, plaintiff alleged causes of action for conspiracy and "unjust enrichment."

Hotel Winters demurred to plaintiff's complaint on the basis that plaintiff failed to comply with a mandatory mediation provision in the operating agreement that provided the terms of her investment, and individually to the causes of action asserted against it on the bases that the complaint failed to allege facts sufficient to state a cause of action. The trial court sustained the demurrers without leave to amend, and subsequently granted Hotel Winters's motion for dismissal with prejudice. (Code Civ. Proc., § 581, subd. (f)(1).)[1] Plaintiff appeals from the judgment of dismissal. We affirm.

## FACTS AND PROCEEDINGS

*Plaintiff's Complaint*

We summarize the allegations in plaintiff's complaint, which she filed on November 10, 2022.

Hotel Winters was created to raise funds to build a hotel and, upon completion of the hotel, to distribute its profits among the company's members. Hotel Winters had two classes of membership, A and B. Class A members were the company's main operators. They were required to contribute $1 million to the company and would be responsible for contributing any additional required funds, and were entitled to a 40 percent return on the company's profits. Class B members held 70 percent of the equity in the company, and were entitled to a fixed 60 percent profit return and an 8 percent annual return on their investment. Class B investment was capped at $2.4 million.

In July 2016, plaintiff signed an operating agreement and a subscription agreement, which provided that in return for her $500,000 investment as a Class B member, she would receive 14.07 percent ownership of the company, a fixed 12.5 percent profit return, and an 8 percent annual preferred return. The operating agreement

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

2

provided that plaintiff had the right to vote on important issues--including budget increases greater than 5 percent--and that increasing investment beyond the $2.4 million cap on Class B investment required agreement by all Class B members. Plaintiff signed the operating agreement along with manager and Class A member Michael Olivas, and Class A members Ashok Patel and Ken Patel.

Additionally, the operating agreement included an addendum requiring Hotel Winters to satisfy the conditions required to establish plaintiff's eligibility for lawful permanent resident status through the EB-5 Immigrant Investor Program. The addendum was signed by accountant Mike Guynn on behalf of Hotel Winters.

Class A members initially failed to satisfy their $1 million contribution requirement, leading to a request by the bank providing construction loans to contribute additional funds. The bank released loan funds after new Class B investors contributed $1 million, and construction on the hotel began. Another membership class--Class C--was created for investment beyond the $2.4 million cap on Class B investment.

In September 2018, Olivas and Guynn sought the members' approval to raise an additional $2 million, which the members rejected because the proposed changes would delay the hotel's completion date and because a significant portion of the additional funds would be allocated to paying Class A members a " 'developer's fee.' "

In September 2019, plaintiff noticed that her equity share in the company had decreased to just over 10 percent, but Guynn assured her that a portion of her equity dollar balance changed each year.

In January 2020, plaintiff received an e-mail with an amended operating agreement and a request that she sign and return the amended agreement within three days. Later that day she received an e-mail from Alan Barmaper, whom she did not know, stating that he had been involved in the project since 2018, and that he would give the Class B investors a week to sign the updated operating agreement. Plaintiff received another e-mail from Ravi Mehta, which introduced him as the company's legal counsel

3

and endorsed the amended operating agreement.[2] Barmaper and Mehta became plaintiff's points of contact with the company.

Barmaper told plaintiff that new investors in the project--who had not been disclosed to the members--had invested more than $8 million and now owned 70 percent of the company. Additionally, the budget of the project had dramatically increased, without the approval of the members and in violation of the operating agreement.

In advance of a November 2020 meeting, David Fischbach, who had become the largest investor in the company, proposed eliminating Class B members' annual return because it had become economically burdensome, although he earned a 10 percent annual return in violation of the operating agreement. Fischbach also proposed reallocating members' profit sharing to reflect their current equity share, which would have further decreased plaintiff's profit share. Plaintiff raised her concerns about these proposals to Barmaper, who advised her to accept the new terms. Plaintiff wrote a letter opposing the meeting and questioning the new investors; she did not attend the meeting. According to Olivas, the new investors signed a new operating agreement.

Plaintiff subsequently obtained access to the company's financial files, which demonstrated that Olivas had issued himself, K. Patel, A. Patel, and Guynn more than $2 million in "sweat equity" and " 'developer's fees.' " There were multiple other transactions lacking sufficient explanation, including a " 'legal fee' " and " 'reimbursement' " paid to Barmaper.

In December 2020, plaintiff wrote to Olivas and "all other original Class A members . . . requesting for a mediation of all the disputes according to the operating agreement." "[T]he mediation failed to happen due to non-response from original Class A members, and Barmaper and Ravi Mehta refusing a [Z]oom mediation during the COVID, and insisting on an in-person meeting, because they have 'numerous evidence'

---

[2] Mehta represented the defendants at trial, and represents Hotel Winters in this appeal.

4

that would be inconvenient to show on [Z]oom. They also conveniently voted to change a term in a revised proposed [operating agreement] that both parties shall pay the mediation fee and the prevailing party would get reimbursed."

The complaint named as defendants Hotel Winters, Barmaper, Olivas, Mehta, Fischbach, Guynn, K. Patel, A. Patel, and Yolo Hospitality Ventures (an LLC the complaint alleged was created by Mehta, Barmaper, and Fischbach to raise money to invest in Hotel Winters). It alleged 13 causes of action, including for breach of contract, breach of fiduciary duty, intentional and negligent interference with prospective advantage, fraud, concealment, conspiracy, unjust enrichment, intentional misrepresentation, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Only two causes of action--for conspiracy and unjust enrichment--were alleged against Hotel Winters (those two causes of action were asserted against all named defendants). The conspiracy claim alleged that Barmaper and Olivas "were part of a conspiracy to commit economic tort" because they were aware that later investors would agree to amend the operating agreement although they were not members of the company, and that Barmaper, Olivas, and the late investors agreed to illegally convert the company's equity. As to the unjust enrichment claim, the complaint alleged that the defendants retained the amount of her investment and additional monies owed to her.

*Hotel Winters's Demurrers*

On December 20, 2022, Hotel Winters filed a demurrer to the entire complaint on the grounds that plaintiff failed to allege facts sufficient to state a cause of action (§ 430.10, subd. (e)) because she did not plead facts sufficient to demonstrate compliance with a mandatory mediation provision in the operating agreement. The demurrer observed that the operating agreement plaintiff signed required parties to negotiate and then "attempt to mediate the Dispute" before bringing lawsuits.

5

Hotel Winters demurred to the complaint's conspiracy cause of action. It asserted that civil conspiracy is not a separate tort, but rather allows for tort recovery only where the alleged tortfeasor is capable of being held liable for an underlying wrong as a matter of substantive tort law. Accordingly, a defendant can be held liable for conspiracy only if it owes and breaches a legal duty to the plaintiff. The demurrer argued that the complaint failed to allege facts to support either the elements of civil conspiracy or an underlying tort. With respect to the conspiracy, Hotel Winters argued that Olivas, as the manager of the company, was the only person who arguably owed plaintiff a duty, and he could not conspire with himself. Additionally, plaintiff waived any duty Olivas owed to her by signing the operating agreement, which included an exculpation clause indemnifying him from liability or obligation arising out of any act taken in good faith or in a manner reasonably believed to be in the company's best interest. Regarding the underlying tort, Hotel Winters argued that the complaint's allegations were too "uncertain, ambiguous, and unintelligible" to constitute an underlying tort giving rise to a conspiracy cause of action.

Hotel Winters demurred to the unjust enrichment cause of action on the basis that unjust enrichment does not constitute a cause of action, citing *Huskinson & Brown v. Wolf* (2004) 32 Cal.4th 453 and *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1369.

Olivas also demurred to the complaint on the basis that plaintiff failed to comply with the operating agreement's mediation provision, and he separately demurred to the causes of action asserted against him. Several other named defendants filed a motion to quash summons and complaint.

*Plaintiff's Opposition*

In her opposition to Hotel Winters's demurrers, plaintiff first argued that she complied with the operating agreement's mediation requirement. Regarding the demurrer to the conspiracy cause of action, she responded that both Hotel Winters and

6

Olivas owed her a fiduciary duty. She pointed to *Moiser v. Southern California Physicians Insurance Exchange* (1998) 63 Cal.App.4th 1022, 1048, in which the court stated: "We agree . . . that the general rule is that a party who is not personally bound by the duty violated may not be held liable for civil conspiracy even though it may have participated in the agreement underlying the injury. [Citations.] However, an exception to this rule exists when the participant acts in furtherance of its own financial gain." She asserted that the named defendants worked together with the goal of transferring ownership of Hotel Winters to themselves, in furtherance of their own financial gain.

As to the unjust enrichment cause of action, plaintiff acknowledged that unjust enrichment "might not be a proper cause of action," but requested leave to amend her complaint.

Hotel Winters filed a motion to strike portions of plaintiff's opposition to its demurrer and objected to extrinsic evidence offered by plaintiff in support of her opposition.[3]

*Hotel Winters's Reply*

In its reply to plaintiff's opposition, Hotel Winters recognized plaintiff's allegation that Olivas and Barmaper conspired to amend the operating agreement, but argued that amending an operating agreement is not tortious conduct. Further, it argued that an LLC's members do not violate their duty of care merely because their conduct furthers their own interest. (Corp. Code, § 17704.09, subd. (c).) Regarding the unjust enrichment

---

[3] In its ruling, the trial court decided it was unnecessary to reach Hotel Winters's objections to plaintiff's evidence submitted in opposition to the demurrers. On appeal, Hotel Winters requests that we strike this evidence. We grant that request. "A demurrer can be used only to challenge defects that appear on the face of the pleading under attack or from matters outside the pleading that are judicially noticeable. No other extrinsic evidence can be considered." (*Kerivan v. Title Ins. & Trust Co.* (1983) 147 Cal.App.3d 225, 229.)

7

cause of action, Hotel Winters noted that it was not a member of the company, and the complaint did not allege that it was enriched.[4]

*Trial Court's Tentative Rulings*

On January 24, 2023, the trial court issued tentative rulings sustaining Hotel Winters's demurrers without leave to amend. The first paragraph of the ruling stated: "Moving defendant Hotel Winters, LLC's demurrer to plaintiff's complaint is SUSTAINED WITHOUT LEAVE TO AMEND."[5] (Boldface omitted.)

The second paragraph of the ruling sustained without leave to amend Hotel Winters's demurrer to the conspiracy cause of action pursuant to section 430.10, subdivision (e). It reasoned that a conspiracy to commit tortious acts can only be formed by parties who are already under a duty to the plaintiff, "the breach of which will support a cause of action against them—individually and not as conspirators—in tort," citing *Chavers v. Gatke Corp.* (2003) 107 Cal.App.4th 606, 614. It concluded the complaint failed to allege that Hotel Winters or any other defendant owed her a duty that could support tort liability, and plaintiff had not shown a reasonable possibility that she could amend her complaint to cure the deficiency.

---

[4] On January 24, plaintiff filed a surreply to Hotel Winters's reply. The trial court declined to consider plaintiff's late-filed paperwork under California Rules of Court, rule 3.1300(d), which provides a trial court with "broad discretion . . . to refuse to consider papers served and filed beyond the deadline without a prior court order finding good cause for late submission." (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765.) Plaintiff does not challenge that ruling on appeal, and therefore we do not consider her surreply. Accordingly, we deny Hotel Winters's request to disregard the surreply as moot.

[5] The parties dispute whether this paragraph was intended to be a ruling sustaining Hotel Winters's demurrer on the basis of plaintiff's failure to comply with the operating agreement's mediation provision. As we explain in the Discussion, *post*, we need not and do not reach that issue.

The third paragraph of the court's ruling sustained Hotel Winters's demurrer to the unjust enrichment cause of action without leave to amend, pursuant to section 430.10, subdivision (e). The court reasoned that there is no cause of action in California for unjust enrichment.

The trial court sustained Olivas's demurrer in part. The tentative ruling included an introductory first paragraph stating: "Moving defendant Michael Olivas' demurrer is SUSTAINED IN PART." (Boldface omitted.) In the next paragraph, the court sustained with leave to amend Olivas's demurrer to all the causes of action asserted against him on the ground that plaintiff failed to allege compliance with the operating agreement's mandatory mediation provision. The court sustained Olivas's demurrer to the conspiracy and unjust enrichment causes of action without leave to amend for the same reasons it had sustained Hotel Winters's demurrers to those causes of action.

*Hearing and Order*

On January 25, plaintiff and Mehta appeared for a hearing, the transcript of which does not appear in the record.[6] The minute order from the hearing reflects that the court modified its tentative ruling to sustain Olivas's demurrer to the conspiracy cause of action *with* leave to amend. It adopted its tentative ruling as modified.

---

[6] In her reply brief, plaintiff requests that we obtain a video of the hearing from the trial court. We decline to do so; it is the appellant's duty to proceed diligently to procure and file the record on appeal. (*Sweet v. Markwart* (1953) 115 Cal.App.2d 735, 741.)

The parties dispute which demurrers were argued in the hearing. Plaintiff attached exhibits in support of her position, along with other exhibits, to her reply brief. Hotel Winters moves to strike the exhibits and references thereto in her reply brief. In opposition to the motion to strike, plaintiff asserts that the "majority of the exhibits were previously filed with the lower court, making them eligible for judicial notice." But plaintiff did not file a request for judicial notice as to the documents, and she does not state which of the documents were filed in the trial court. We note that one exhibit appears to be a court order from a different case, but it is not clear that the exhibit includes the entire order. Accordingly, we grant Hotel Winters's motion to strike the exhibits attached to plaintiff's reply brief and any references thereto.

9

*Motion to Reconsider*

On January 30, plaintiff lodged a motion to reconsider in the trial court. The motion requested that the court reconsider its ruling as to Hotel Winters's demurrer to the conspiracy cause of action. Plaintiff acknowledged in the motion that when the trial court asked her at the hearing to set forth her issues with the tentative ruling, she had argued only against the rulings as to the motions to quash and *Olivas's* demurrer to the conspiracy cause of action. She asserted, however, that "in [her] reasoning, [she] specified that both defendants Hotel Winters, LLC and [Olivas] owes/owed [her] a duty." Thus, while she acknowledged that she understood that the court granted her leave to amend her cause of action *only* as to the cause of action asserted against Olivas, she "somehow jumped to the conclusion that this ruling applie[d] to both defendants Hotel Winters, LLC and [Olivas]." Recognizing that her misunderstanding was "totally [her] fault," plaintiff requested that the court change its ruling and sustain Hotel Winters's demurrer to the conspiracy count with leave to amend.

The record does not reflect that this motion was ever scheduled for a hearing or considered by the court. In a subsequent motion to set aside the judgment, which we discuss *post*, plaintiff characterized her motion to reconsider as "a mistake made by the Plaintiff due to her limited time doing legal research." In her motion for leave to amend, which we also discuss *post*, plaintiff stated that she recognized after lodging her motion to reconsider "that the proper procedure may have been to file a 'Motion to Set Aside' or 'Motion to Vacate.' "[7]

*Amended Complaint*

On February 3, plaintiff filed an amended complaint, which asserted new causes of action against Hotel Winters for breach of contract and fraud. The amended complaint

[7] Mehta later declared that plaintiff advised the court during a hearing on February 15, 2023, that she had filed a motion for reconsideration but withdrew it.

10

asserted a cause of action for conspiracy, but not against Hotel Winters, and did not assert a cause of action for unjust enrichment.

*Hotel Winters's Motion to Dismiss*

On February 15, Hotel Winters filed an ex parte motion to dismiss the complaint with prejudice pursuant to section 581, subdivision (f)(1) and (2), and for an entry of judgment in its favor.[8] It argued that good cause existed to consider the motion ex parte because the amended complaint asserted new causes of action against it despite the trial court's order sustaining its demurrer without leave to amend, and it would be required to answer the amended complaint unless the court heard the motion to dismiss before it was required to do so.

In opposition, plaintiff reiterated that she had misunderstood the trial court's ruling sustaining Hotel Winters's demurrers, and that dismissal was inappropriate because Hotel Winters had participated in a conspiracy, and her amended complaint asserted new causes of action against it.

On February 15, following a hearing, the trial court granted Hotel Winters's motion to dismiss with prejudice pursuant to section 581, subdivision (f)(1). The court reasoned that it sustained without leave to amend Hotel Winters's demurrer to "plaintiff's complaint, inclusive of the ninth and tenth causes of action (conspiracy and unjust enrichment)," and there were "no remaining causes of action against Hotel Winters." The court signed the order of judgment in favor of Hotel Winters in open court.

---

[8] Section 581 provides in relevant part: "(f) The court may dismiss the complaint as to that defendant when: [¶] (1) . . . after a demurrer to the complaint is sustained without leave to amend and either party moves for dismissal. [¶] (2) . . . [A]fter a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal."

*Plaintiff's Applications to Set Aside the Judgment and for Leave to Amend*

On February 24, plaintiff filed an ex parte application to set aside the judgment, arguing that the judgment was based on her misunderstanding. (§ 473, subd. (b) [court may relieve a party from a judgment "taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect"].) She argued good cause existed to hear the motion ex parte because she "need[ed] to fix any 'misunderstanding' and 'mistakes.' "

Plaintiff also alleged misconduct on the part of Mehta and the trial court. She contended Mehta was aware of the "misunderstanding" but moved to dismiss Hotel Winters anyway, provided her with only minimal notice, and did not inform her that he sought dismissal with prejudice such that she could not assert new causes of action against Hotel Winters.

Plaintiff asserted that the trial court committed misconduct by granting Hotel Winters's motion to dismiss, and by stating there were no remaining causes of action against it despite being aware of the amended complaint. She further alleged that when she asked the court "if there was any chance to reverse the situation," the court referred her to the court's self-help center, but she was turned away from the self-help center due to its limited scope.

Also on February 24, plaintiff filed an ex parte application for leave to amend the complaint pursuant to section 473, subdivision (a)(1).[9]

---

[9] Section 473, subdivision (a)(1) provides in relevant part: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer or demurrer. The court may likewise, in its discretion, after notice to the adverse party, allow, upon any terms as may be just, an amendment to any pleading or proceeding in other particulars; and may upon like terms allow an answer to be made after the time limited by this code."

12

On March 2, plaintiff refiled her applications to set aside the judgment and for leave to amend. She noted that she was refiling the motions because the trial court determined in a hearing on February 24 that her motions were not properly filed ex parte. That ruling does not appear in the record.

On March 17, Hotel Winters opposed plaintiff's application to set aside the judgment. It argued that the trial court had properly exercised its discretion by dismissing the complaint against Hotel Winters pursuant to section 581, subdivision (f)(1), and plaintiff's misunderstanding of the law was not a basis for vacating the judgment under section 473, subdivision (b).

On March 23, plaintiff filed her reply.

*Plaintiff's Motion to Recuse the Trial Judge*

On March 13, plaintiff filed a motion to recuse the assigned trial judge--Judge Timothy Fall--pursuant to sections 170.3 and 170.6, among other sections.[10] On that same day, Judge Fall ordered plaintiff's statement of disqualification against him pursuant to section 170.3, subdivision (c) stricken on the basis that it disclosed no legal grounds for disqualification. (§ 170.4, subd. (b) ["if a statement of disqualification . . . on its face . . . discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken"].) However, Judge Fall concluded that plaintiff's peremptory disqualification under section 170.6 was timely and effective, and he referred the case to the court's calendaring authority for reassignment.

---

[10] Section 170.3, subdivision (c) authorizes a party to file a written verified statement objecting to a hearing or trial before a judge and setting forth the facts constituting the grounds for disqualification. Section 170.6 " 'permits a party to obtain the disqualification of a judge for prejudice, based solely upon a sworn statement, without being required to establish prejudice as a matter of fact to the satisfaction of the court.' [Citation.] 'When a litigant has met the requirements of section 170.6, disqualification of the judge is mandatory, without any requirement of proof of facts showing that the judge is *actually* prejudiced.' " (*Mendoza v. Superior Court* (2021) 65 Cal.App.5th 988, 995.)

On March 28, the trial court, on its own motion, continued the hearings scheduled for March 30 on plaintiff's applications to set aside the judgment and for leave to amend, rescheduling them for May 4.

On April 14, plaintiff filed an amended notice of appeal from the judgment of dismissal. Pursuant to her appeal, the trial court stayed all proceedings in that court. The case was fully briefed and assigned to the current panel in February 2024.

## DISCUSSION

### I

### *Standard of Review*

A demurrer tests the sufficiency of the complaint as a matter of law, and it raises only questions of law. (§ 589, subd. (a).) " ' " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the [complaint] a reasonable interpretation, reading it as a whole and its parts in their context." ' " (*Finch Aerospace Corp. v. City of San Diego* (2017) 8 Cal.App.5th 1248, 1251-1252.) "[T]he complaint must be liberally construed and survives a general demurrer insofar as it states, however inartfully, facts disclosing some right to relief." (*Longshore v. County of Ventura* (1979) 25 Cal.3d 14, 22; see also *Daniels v. Select Portfolio Servicing, Inc.* (2016) 246 Cal.App.4th 1150, 1162 [we decide "whether a cause of action has been stated under any legal theory when the allegations are liberally construed"], disapproved of on another ground in *Sheen v. Wells Fargo Bank, N.A.* (2022) 12 Cal.5th 905, 948, fn. 12.) "In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

14

"Where the demurrer was sustained without leave to amend, we consider whether the plaintiff could cure the defect by an amendment. The plaintiff bears the burden of proving an amendment could cure the defect." (*T.H. v. Novartis Pharmaceuticals Corp.*, *supra*, 4 Cal.5th at p. 162.) "[I]t is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment." (*Aubry v. Tri-City Hospital Dist.*, *supra*, 2 Cal.4th at p. 967.) "To satisfy that burden on appeal, a plaintiff 'must show in what manner [s]he can amend [her] complaint and how that amendment will change the legal effect of [her] pleading.' [Citation.] The assertion of an abstract right to amend does not satisfy this burden. [Citation.] The plaintiff must clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.] Allegations must be factual and specific, not vague or conclusionary." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43-44 (*Rakestraw*).) " '[S]uch a showing need not be made in the trial court so long as it is made to the reviewing court.' " (*Governing Board v. Haar* (1994) 28 Cal.App.4th 369, 375.)

It is a fundamental rule of appellate review that we presume the judgment to be correct and indulge all intendments and presumptions to support it regarding matters as to which the record is silent. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is plaintiff's burden to provide reasoned argument and citations to relevant legal authority to support that argument. (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721.) Plaintiff bears this burden of rebutting the presumption of correctness accorded to the trial court's decision, regardless of the applicable standard of review. (See *Los Angeles Unified School Dist. v. Torres Construction Corp.* (2020) 57 Cal.App.5th 480, 492 [noting that

15

these principles apply to " ' "an appeal from any judgment" ' "].)  "[C]onclusory claims of error will fail."  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

These "same rules apply to a party appearing in propria persona as to any other party."  (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)  Indeed, self-represented litigants are held to the same standards as attorneys and must comply with the rules of procedure.  (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)  This is not intended to penalize self-represented litigants; instead, it is necessary to maintain stability in appellate proceedings, requiring adherence to the forms and procedures that govern appeals.

II

*Sustaining the Demurrers Without Leave to Amend*

Plaintiff challenges the trial court's ruling sustaining Hotel Winters's demurrers without leave to amend.  We conclude plaintiff's conclusory arguments are insufficient to satisfy her burden of demonstrating error on appeal.

A.  *Conspiracy Cause of Action*

Plaintiff contends her original complaint, opposition to Hotel Winters's demurrer, and amended complaint "collectively lay out a substantial factual groundwork to allege 'Conspiracy' against [Hotel Winters]."  She adds:  "The central contested issue concerns the existence of a duty owed by the respondent to the appellant [citation to the trial court's tentative ruling].  This was conclusively addressed during the January 25 hearing, where it was established that both manager Defendant Olivas [citation to the court's tentative ruling on Olivas's demurrer] and Respondent Hotel Winters, LLC owe a duty to their members, including [plaintiff].  The court's failure to amend the tentative ruling in light of this critical finding represents a noteworthy lapse."

At the outset, plaintiff does not appear to contest the trial court's ruling sustaining the demurrer.  Indeed, she argues only that her original complaint, *combined with* her

16

opposition to Hotel Winters's demurrer and her amended complaint, *collectively* allege facts sufficient to constitute a cause of action. That argument implicitly acknowledges that the allegations in the original complaint, standing alone, do not state a cause of action. Therefore, the issue before us is whether plaintiff satisfied her burden to demonstrate a reasonable possibility that she could amend her complaint to cure its deficiency.

We conclude plaintiff has failed to satisfy her burden of proving an amendment could cure the defect. As we set forth *ante*, plaintiff raises two arguments. The first-- that her complaint, amended complaint, and opposition to Hotel Winters's demurrer collectively allege facts sufficient to state a cause of action--is the type of "vague or conclusionary" argument insufficient to satisfy her burden. (See *Rakestraw*, *supra*, 81 Cal.App.4th at p. 44.) She fails to "clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it," nor has she "set forth factual allegations that sufficiently state all required elements of that cause of action." (*Id.* at p. 43.) Indeed, even were we to consider plaintiff's amended complaint, that complaint did not allege conspiracy against Hotel Winters.

Plaintiff's second argument--that she established Hotel Winters's duty to her at the January 25 hearing--fares no better. The transcript from that hearing does not appear in the record, and plaintiff merely asserts that she established Hotel Winters's duty to her at the hearing without providing any reasoned argument or citations to relevant legal authority to support her argument. (See *Lee v. Kim*, *supra*, 41 Cal.App.5th at p. 721.)

Plaintiff has failed to demonstrate that the trial court erred when it sustained Hotel Winters's demurrer to her conspiracy cause of action, or that the court abused its discretion when it refused to grant her leave to amend. (See *Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564; see *Flores v. Department of Corrections & Rehabilitation*, *supra*, 224 Cal.App.4th at p. 205 [these rules apply to self-represented litigants].)

17

B. *Unjust Enrichment Cause of Action*

Plaintiff contends her complaint set forth the basis for a cause of action "against those currently controlling Hotel Winters, LLC, who are not legitimate members of the LLC." Plaintiff acknowledges that there is no cause of action for unjust enrichment (see *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1490), but argues she should be granted leave to amend.

"[U]njust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." (*McKell v. Washington Mutual, Inc.*, *supra*, 142 Cal.App.4th at p. 1490.) In reviewing a judgment of dismissal following the sustaining of a general demurrer, we ignore " '[e]rroneous or confusing labels' " and can construe a "purported cause of action for unjust enrichment as an attempt to plead a cause of action giving rise to a right to restitution." (*McBride v. Boughten* (2004) 123 Cal.App.4th 379, 387-388.) "Under the law of restitution, an individual may be required to make restitution if he is unjustly enriched at the expense of another. [Citation.] A person is enriched if he receives a benefit at another's expense. [Citation.] The term 'benefit' 'denotes any form of advantage.' [Citation.] Thus, a benefit is conferred not only when one adds to the property of another, but also when one saves the other from expense or loss. Even when a person has received a benefit from another, he is required to make restitution '*only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it.*' " (*Ghirardo v. Antonioli* (1996) 14 Cal.4th 39, 51, italics added.)

Plaintiff again fails to satisfy her burden to affirmatively demonstrate an abuse of discretion. She argues that the complaint "effectively sets forth the basis for an 'Unjust Enrichment' claim against those currently controlling Hotel Winters, LLC, who are not legitimate members of the LLC," and that "given the detailed facts supporting respondent's potential liability under the substantive law, denying the opportunity to amend the complaint, particularly to clarify causes of action like 'Unjust Enrichment',

18

would be contrary to the principles of justice and fairness in legal proceedings." But while plaintiff argues her complaint alleges facts sufficient to state a cause of action against *those currently controlling Hotel Winters*, she does not argue that she has alleged facts sufficient to state a claim against Hotel Winters. Moreover, as we have discussed, plaintiff has not shown that Hotel Winters is potentially liable under substantive law. Plaintiff's arguments are vague and conclusory and fail to specify in what manner she can amend her complaint to change its legal effect. (*Rakestraw*, *supra*, 81 Cal.App.4th at p. 43.)

C. *Amended Complaint and Emotional Distress Claims*

Plaintiff contends she demonstrated a reasonable possibility that amendment could cure the complaint's defects by filing the amended complaint, which asserted new causes of action against Hotel Winters. She also contends she may assert claims for negligent and intentional emotional distress arising in part from the defendants' conduct occurring after the hearing on the demurrers. We disagree. Pleading new matter is not amending a prior complaint, but rather is a different or supplemental complaint. (*O'Keefe v. Atascadero County Sanitation Dist.* (1971) 21 Cal.App.3d 719, 731, fn. 15 [alleging facts occurring after petition was filed "would not 'amend' the complaint, but rather would constitute a 'supplemental' or different complaint in substitution of the original"].) When a plaintiff is granted leave to amend, "the scope of the grant of leave is ordinarily a limited one. It gives the pleader an opportunity to cure the defects in the particular causes of action to which the demurrer was sustained, but that is all." (*Community Water Coalition v. Santa Cruz County Local Agency Formation Com.* (2011) 200 Cal.App.4th 1317, 1329.) Accordingly, plaintiff's amended complaint failed to demonstrate a reasonable possibility that amendment could cure the complaint's defects because the new causes of action asserted against Hotel Winters are outside the scope of the causes of action to which the demurrer was sustained.

To assert multiple new causes of action against Hotel Winters, plaintiff was required to obtain permission from the trial court. (See *Community Water Coalition v. Santa Cruz County Local Agency Formation Com.*, *supra*, 200 Cal.App.4th at p. 1329.) Because she did not do so, the issue of whether the trial court properly exercised its discretion by granting leave to amend to add new causes of action against Hotel Winters is not before us. (*Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 245.)

Because the amended complaint did not seek to amend the claims asserted against Hotel Winters, but rather sought to add multiple new claims against it without seeking leave to do so, plaintiff is now precluded from asserting that the trial court abused its discretion in not granting leave to amend by, in effect, adding an entirely new complaint.[11]

D. *Stating a Cause of Action Under Any Legal Theory*

Finally, plaintiff contends the trial court failed to determine whether the complaint could state a cause of action under any legal theory. (See *Gutierrez v. Carmax Auto Superstores California* (2018) 19 Cal.App.5th 1234, 1244 ["The Supreme Court has repeatedly stated that appellate courts reviewing a general demurrer make a de novo determination of whether the complaint alleges 'facts sufficient to state a cause of action under *any possible legal theory*' "].) However, it is not up to the judge to figure out how the complaint can be amended to state a cause of action. Rather, as we have discussed, the burden is on plaintiff to show *in what manner* she can amend the complaint, and *how*

---

[11] Plaintiff argues that she had the right to propose an amended complaint through a motion for reconsideration. But as we will discuss in greater detail *post*, plaintiff neither filed a motion for reconsideration that could be considered by the court, nor did she attach the amended complaint to the motion for reconsideration that she lodged in the trial court.

that amendment will change its legal effect. (*Moore v. Centrelake Medical Group, Inc.* (2022) 83 Cal.App.5th 515, 537.) "Although 'such showing may be made in the first instance to the appellate court,' the plaintiff-appellant 'must still offer details on how the amendment would cure the defects.' " (*Ibid.*)

Plaintiff points to the trial court's decision to overrule, or sustain with leave to amend, *Olivas's* demurrers to several of the causes of action plaintiff asserted against him, and she contends those rulings demonstrate the potential for viable causes of action against Hotel Winters. But merely asserting without reasoned argument that there *may be* potentially viable causes of action based on the court's rulings on demurrers by another party to other causes of action is not sufficient to satisfy plaintiff's burden to specifically demonstrate how she could amend her complaint to allege facts sufficient to state causes of action against Hotel Winters.[12]

III

*Order Dismissing Hotel Winters with Prejudice*

Plaintiff challenges the order granting Hotel Winters's motion to dismiss and order of judgment in its favor. Her claims lack merit.

A. *Legal Background*

1. *Section 581*

Section 581, subdivision (f)(1) provides: "The court may dismiss the complaint as to that defendant . . . [¶] . . . after a demurrer to the complaint is sustained without leave to amend and either party moves for dismissal." The statutory requirement that a party move for dismissal simply means the court cannot dismiss the action without the request

---

[12] Plaintiff additionally argues that Hotel Winters did not demur to the entire complaint, and that the trial court did not specify the grounds for sustaining the demurrer. These arguments appear to be directed at the first paragraph of the court's tentative ruling, which Hotel Winters contends was a ruling sustaining its demurrer based on its mediation argument. We need not and do not address these arguments because we have affirmed the court's ruling on other grounds, as we have discussed.

21

of a party.  (*Oppenheimer v. Deutchman* (1955) 132 Cal.App.2d Supp. 875, 879 (*Oppenheimer*).)  "Ordinarily, in the absence of a request for reconsideration, after a demurrer is sustained without leave to amend, . . . no formal motion to dismiss the action is necessary.  The entry of a judgment of dismissal follows as a matter of course." (*Berri v. Superior Court of San Francisco* (1955) 43 Cal.2d 856, 860; accord, *Michaels v. Mulholland* (1953) 115 Cal.App.2d 563, 564.)

Additionally, when a party chooses to move for dismissal following the sustaining of a demurrer without leave to amend, no notice is necessary.  Generally, a noticed motion is required when the order requested may affect the rights of an adverse litigant. (*Oppenheimer*, *supra*, 132 Cal.App.2d at p. Supp. 879.)  When a demurrer is sustained without leave to amend, "[t]he judgment of dismissal . . . does not affect the right of adverse litigants because the losing party has already had [her] hearing.  The statute itself [citation] does not require notice."  (*Ibid.*)

Section 581, subdivision (f)(2) authorizes dismissal when either party moves for dismissal after a demurrer is sustained *with* leave to amend, and the plaintiff fails to timely amend.

### 2.  *Motions for Reconsideration*

Section 1008, subdivision (a), permits motions for reconsideration of an interim ruling provided that the motion "is based upon an alleged 'different state of facts' than the original motion."  (*Rains v. Superior Court* (1984) 150 Cal.App.3d 933, 943.)  Such motions do not require that the different facts "to be new or newly discovered."  (*Ibid.*) However, while the different facts need not be new or newly discovered, the party seeking reconsideration must show that the different facts, circumstances, or law could not, with reasonable diligence, have been discovered and produced at the time of the prior motion.  (§ 1008, subd. (a); see *Jade K. v. Viguri* (1989) 210 Cal.App.3d 1459, 1467.)  A motion for reconsideration will be denied absent a strong showing of diligence. (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 690; *New York Times Co. v. Superior*

*Court, supra*, 135 Cal.App.4th at p. 212; *In re Marriage of Herr* (2009) 174 Cal.App.4th 1463, 1468.)

Section 1008, subdivision (a) also requires the party moving for reconsideration to "state by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown." The statute is jurisdictional. (§ 1008, subd. (e).) If the moving party does not present new or different facts, circumstances, or law, then the court lacks jurisdiction to entertain reconsideration. If the statutory requirements are not met, then the motion will be denied. The trial court's ruling on a motion for reconsideration is reviewed for abuse of discretion. (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212.)

B. *Analysis*

Plaintiff contends the trial court erred by not considering her motion to reconsider before dismissing Hotel Winters. However, that motion failed to comply with the statute's affidavit requirement, which is jurisdictional. (§ 1008, subd. (e).) Accordingly, the trial court was not authorized to consider it. Additionally, plaintiff's motion was not based on new or different facts, circumstances, or law.[13] Instead, the motion requested that the court change its ruling sustaining Hotel Winters's demurrers without leave to amend because she misunderstood the ruling, although she recognized that she had failed to contest the court's tentative ruling as to Hotel Winters's demurrer at the hearing. Furthermore, her motion did not include a notice of hearing or a proposed date and time for the hearing, and therefore was procedurally defective, and there is no indication in the

---

[13] In her declaration in support of her motion to recuse Judge Fall, plaintiff asserted that she filed motions to vacate, not a motion for reconsideration, because "there is no 'new fact' and [plaintiff] [was] trying to correct a misunderstanding and mistake, so 'motion to vacate' is more appropriate."

23

record that the court scheduled a hearing on the motion. The trial court did not err by not considering plaintiff's motion to reconsider.[14]

Next, we disagree with plaintiff's arguments that dismissal under section 581, subdivision (f)(1) and (f)(2) was inappropriate. As to section 581, subdivision (f)(1), plaintiff asserts that dismissal was inappropriate because the validity of the order sustaining Hotel Winters's demurrers "is not beyond dispute." As we concluded *ante*, plaintiff fails to demonstrate either error in sustaining the demurrers or abuse of discretion in not granting leave to amend.[15]

As to section 581, subdivision (f)(2), plaintiff argues dismissal was inappropriate because the amended complaint alleged additional causes of action against Hotel Winters, demonstrating "the potential for additional, relevant causes of action." (AOB 28[quote]-29) But while Hotel Winters moved for dismissal under subdivisions (f)(1) and (f)(2) of section 581, the trial court granted the motion under subdivision (f)(1) on the basis that Hotel Winters's demurrers were sustained without leave to amend. Accordingly, whether dismissal would have been inappropriate under subdivision (f)(2) is irrelevant. Similarly, plaintiff argues that Hotel Winters's motion to dismiss was not properly brought ex parte because California Rules of Court, rule 3.1320(h) only authorizes ex parte applications to dismiss under section 581, subdivision (f)(2) after the expiration of the time to amend

---

[14] In her reply brief, plaintiff asserts that she was confused by the trial court's "acceptance" of her motion to reconsider "despite its procedural flaws," and argues that she would have conducted additional research had the court clerk rejected the motion. But this argument does not address the other issues with the motion or her acknowledgement that "there is no 'new fact' and [plaintiff] [was] trying to correct a misunderstanding and mistake, so 'motion to vacate' is more appropriate."

[15] Plaintiff also argues that section 472d required the court to explicitly state the grounds for its decision on demurrer. That argument is meritless. The trial court sustained Hotel Winters's demurrers to the conspiracy and unjust enrichment causes of action on the grounds that plaintiff failed to allege facts sufficient to state a cause of action. (§ 430.10, subd. (e).)

24

following the sustaining of a demurrer. But neither rule 3.1320(h) nor any other rule prohibits ex parte applications where demurrers are sustained without leave to amend. As we set forth *ante*, in such circumstances dismissal ordinarily follows as a matter of course, and no noticed motion is required. (*Oppenheimer*, *supra*, 132 Cal.App.2d at p. Supp. 879.)

Plaintiff next observes that she did not receive a signed order sustaining Hotel Winters's demurrer, but she does not explain how this could constitute reversible error. An order sustaining a demurrer without leave to amend is not directly appealable. (*Youngblood v. Board of Supervisors* (1978) 22 Cal.3d 644, 651.) Instead, plaintiff appeals the judgment of dismissal entered following the sustaining of the demurrer, which is the appealable order. (*Berri v. Superior Court of San Francisco*, *supra*, 43 Cal.2d at p. 861.) Accordingly, even if the court were required to issue a signed written order, which we need not and do not decide, that would have no effect on the trial court's decision or her ability to pursue her appeal.

Finally, plaintiff fails to support her argument that the trial court did not consider her opposition to Hotel Winters's motion to dismiss. Beyond the mere fact that the trial court granted the motion, nothing in the record suggests the court did not consider her opposition.

Because the sustaining of a demurrer without leave to amend signaled the end of the adjudication of the matter and entitled Hotel Winters to a dismissal judgment, no noticed motion to dismiss was required following the court's sustaining of the demurrer without leave to amend, and the trial court did not err by granting the motion to dismiss or by entering judgment in favor of Hotel Winters.

25

IV

*Misconduct Allegations*

Plaintiff raises various claims of misconduct against Judge Fall--the trial judge who oversaw the case until he granted plaintiff's peremptory challenge--and opposing counsel. She fails to establish misconduct.

A. *Claims Against Judge Fall*

Plaintiff contends Judge Fall's decision to grant her peremptory challenge (§ 170.6) on March 13, 2023, nearly one month after dismissing Hotel Winters from the case, rendered his prior orders in the case voidable. We disagree. Initially, section 170.6 requires motions in a civil case to be made within 15 days after notice of the judge's assignment for all purposes, or if the party has not yet appeared, within 15 days after the appearance. (§ 170.6, subd. (a)(2).) In other words, peremptory challenges must be brought at the beginning of a case. The statute " 'permits a party to obtain the disqualification of a judge for prejudice, based solely upon a sworn statement, without being required to establish prejudice as a matter of fact to the satisfaction of the court.' [Citation.] 'When a litigant has met the requirements of section 170.6, disqualification of the judge is mandatory, without any requirement of proof of facts showing that the judge is *actually* prejudiced.' " (*Mendoza v. Superior Court* (2021) 65 Cal.App.5th 988, 995.) "When a [peremptory] challenge is timely and properly made, the challenged judge immediately loses jurisdiction and must recuse himself. If he does not, his *subsequent* orders and judgments are void." (*Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360, 363-364, italics added.) Nothing in section 170.6 indicates that granting a peremptory challenge renders a judge's prior rulings void or voidable. Indeed, here Judge Fall struck plaintiff's statement of disqualification as disclosing on its face no legal grounds for disqualification. (§ 170.4, sub. (b).) The peremptory challenge Judge Fall granted under section 170.6 required no proof that Judge Fall was actually prejudiced, and there is

26

nothing to suggest that there were grounds to disqualify Judge Fall, such that his prior rulings could have been void or voidable.

Plaintiff next argues that Judge Fall committed misconduct in the context of her application to set aside the judgment and for leave to amend. She observes that Judge Fall rescheduled the hearing on the motion from February 22 to February 24, 2023, due to his unavailability. She further asserts that during the hearing, Judge Fall "indicated his intention to deviate from his normal procedure by prioritizing ex parte hearings," and then "abruptly dismissed [her] [ex parte motion to set aside the judgment] after she took her seat, advising her to file a regular motion instead." Plaintiff has not provided this court with a reporter's transcript of the ex parte hearing, which is indispensable to support any claim of misconduct here. (See, e.g., *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483 [appellant's burden to provide reporter's transcript if she intends to raise an issue that requires consideration of the oral proceedings in the superior court].) But even if she had provided a transcript, trial courts generally retain broad discretion to control their courtrooms and to efficiently dispose of matters before them (*People v. Virgil* (2011) 51 Cal.4th 1210, 1237) and plaintiff fails to establish that the court's decision to continue the hearing, or its conduct in denying the motion, constituted misconduct.

Plaintiff contends Judge Fall provided various forms of "misleading guidance" throughout the case. She notes that Judge Fall "questioned her choice of a 'motion to vacate,' " and instead suggested that she file a motion to reconsider, which she argues "add[ed] complexity" for her. Additionally, after Judge Fall entered the order dismissing Hotel Winters from the case, she asked him if that order could be reversed. According to plaintiff, Judge Fall responded that he was not her attorney, and she should do her own research. The trial judge was under no duty to perform legal research or to provide legal advice to plaintiff (*Martinez v. Court of Appeal* (2000) 528 U.S. 152, 162), and plaintiff provides no support for the proposition that a judge commits misconduct by asking a

27

litigant a question about her choice to file one motion and not another. Plaintiff also generally asserts that she "recalls instances where she perceives that Judge Fall provided misleading guidance," citing to multiple pages from her declaration in support of her motion to recuse Judge Fall. However, the pages in the record to which she cites do not include instances of the court providing misleading legal advice that would have any bearing on the issues in this case.[16]

Finally, plaintiff argues that Judge Fall's decision to continue the hearing on her application to set aside the judgment (filed on March 2) from its original hearing date of March 30 to its rescheduled date of May 4 "might have been influenced by respondent's attorney's interests" and "rais[ed] concerns about the procedural propriety of this action." Plaintiff's speculative and unsupported "concerns" do not demonstrate misconduct. Additionally, the record indicates that the ruling occurred after Judge Fall granted plaintiff's (untimely) peremptory challenge, and therefore there is no reason to conclude that Judge Fall issued the continuance.[17] Moreover, because the continuance was issued soon after plaintiff's peremptory challenge, it is reasonable to infer that a newly assigned judge needed time to become familiar with the case before hearing plaintiff's motions.

B. *Claims Against Opposing Counsel*

Plaintiff contends the introduction of Hotel Winters's demurrer constructed a narrative that deviated from the facts in the complaint, which she contends "may have influenced the court's decision to dismiss the respondent with prejudice." But while we recognize that plaintiff disputes many of the statements Hotel Winters made in its

---

[16] Plaintiff also argues that Judge Fall's instructions and rulings "seemingly overlooked the facts alleged in the complaint and were based on a judicial error." That argument neither alleges nor demonstrates misconduct.

[17] Plaintiff acknowledges the record reflects that the continuance was ordered by temporary Judge Thomas A. Smith but claims that Judge Fall actually ordered the continuance. She does not provide any citation to the record to support this assertion.

28

summary of the case as stated in the introduction to its demurrers, she has not established that they were factual misrepresentations intended to mislead the court. There have been no factual findings in this case. Further, as plaintiff recognizes, a trial court ruling on a demurrer accepts the complaint's properly alleged facts as true and determines whether those facts are sufficient to state a cause of action. Nothing suggests the court failed to adhere to the proper procedure for ruling on a demurrer.

Next plaintiff contends Hotel Winters failed to submit a proposed order with any responses from plaintiff regarding the court's decision to sustain its demurrers, as required by California Rules of Court, rule 3.1312(a). Similarly, she claims that Hotel Winters failed to serve her with the trial court's order sustaining the demurrers as required by section 472b, which provides in relevant part: "When a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, the time so given runs from the service of notice of the decision or order, unless the notice is waived in open court, and the waiver entered in the minutes."

These arguments are meritless. Section 472b is inapplicable here because "time to amend or answer" was not granted. Hotel Winters was not required to submit a proposed order because plaintiff--as she acknowledges--did not request a hearing on the tentative ruling regarding Hotel Winters's demurrers, and the trial court's tentative ruling provided: "If no hearing is requested, . . . this tentative ruling is effective immediately. No formal order pursuant to California Rules of Court, rule 3.1312 or further notice is required."

Plaintiff argues Hotel Winters filed for dismissal despite knowing it would cause a miscarriage of justice. But plaintiff has failed to establish that the trial court erred when it sustained the demurrers or that it abused its discretion when it denied leave to amend, and as we have discussed, dismissal followed as a matter of course from that order.

29

Finally, plaintiff contends Hotel Winters filed a frivolous lawsuit against her, which exerted undue pressure on her.  We decline to opine on the merits of lawsuits not at issue in this appeal.[18]

## DISPOSITION

The judgment is affirmed.  Hotel Winters shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)


/s/
Duarte, Acting P. J.

We concur:


/s/
Mesiwala, J.


/s/
Wiseman, J.[*]

---

[18]  Plaintiff raises other allegations of misconduct for the first time on reply.  Several of them concern the merits of plaintiff's lawsuit, the facts of which have not been determined.  She also contends that Mehta committed misconduct by billing at excessive rates, and by seeking attorney fees related to this lawsuit.  This conduct does not constitute misconduct.  Finally, she claims Mehta sought to unnecessarily extend the duration of this case.  We disagree; Hotel Winters timely demurred to plaintiff's complaint and moved to dismiss itself from the case after its demurrers were sustained without leave to amend.

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.